### STATE *vs.* HOWARD LEWIS.

*Criminal Law—Assault and Battery—Driving Horse against a Person—Public Highway—Rights of Persons on Foot, on Horseback or in Vehicles—Passing or Driving by—Accomplices.*

1. An assault is an attempt to do violence to the person of another with the means at hand of carrying that intention into execution. The battery is the actual infliction of the injury, however slight that may be.

2. If a horse which is attached to a wagon is wilfully or intentionally driven into, or forced in contact with a person, walking in the public highway, by some person, that would constitute an assault and battery; and the person at the time having the control and management of the horse and wagon, or who is present aiding, procuring, commanding, counseling or assisting the person who actually had hold of the lines and who was managing the horse and wagon, would be guilty of the offense.

3. The public highway is open in all its length and breadth to the reasonable, common and equal use of the people on foot or on horseback, or in vehicles.

4. Where one undertakes to pass another, he who passes undertakes to go by at his peril. See case of *McLain vs. Sharp, 2 Harr., 483.*

(*May 18, 1903.*)

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.

*Herbert H. Ward,* Attorney-General, for the State.

*J. Frank Ball* for the defendant.

Court of General Sessions, New Castle County, May Term, 1903.

The prisoner was indicted at this term for ASSAULT AND BATTERY. At the trial proof was offered tending to show that on March 14, 1903, while the prosecuting witness, Mrs. Lucy Hallett, with her husband and her sister, were walking along a public road between Middletown and Odessa, a team containing the defendant (a colored man) and five colored women, and being either driven

by or under the control of the defendant (the testimony being con-
flicting upon the point as to who was driving at the time of the
accident), came up behind the prosecuting witness and that the
horse's head struck her upon the shoulder.   The testimony further
showed that the three persons had been, a short time before the
collision, walking along a side-path, but, owing to the wet condi-
tion of the same, had stepped out into the road and were walking
along the extreme  right-hand side thereof  when the collision
occurred ; that the road was wide enough at that point for three
teams to go abreast; that the horse was in a walk at the time of
striking the prosecuting witness; and that the prisoner made no
attempt to drive around the persons who were walking, but asked
them to get out of the way so that he could pass.   This the hus-
band of the prosecuting witness refused to do, and when his wife
stepped aside, told her to come back behind him, which she did,
and immediately the collision occurred.

The Attorney-General asked the Court to charge the jury :

*First*—That as all the persons had an equal right to the use of
the road, and that as the pedestrians were on the right-hand side of
the road—the proper side—going in the same direction as the team,
it was the duty of the persons coming behind them in the vehicle
to avoid colliding with the persons walking in front.

*Second*—That if the jury believe that Howard Lewis had
hold of the lines, or that he had charge of the team and should
have had control, he would be responsible for colliding with the
prosecuting witness on the ground that he was present, aiding and
abetting.

Counsel for defendant asked the Court to charge the jury :

*First*—That where a loaded wagon and foot passengers are
passing along a public highway, and there is a footpath, it is the

duty of the foot passenger to keep to the footpath rather than the wagon road, and if he goes out of the footpath on account of the wet condition of the same (as the testimony shows in the present case) into the wagon road, it is the duty of the foot passenger to give the right of way to the loaded wagon, rather than the loaded wagon to drive out of the way to accommodate the foot passenger. If anyone has to yield in such case it is the foot passenger, because it is more easy for him to get out of the road than for the loaded wagon.

*Second*—That the jury, in order to convict the defendant, Howard Lewis, must believe, beyond a reasonable doubt, that he had charge of or control of the horse when the collision happened.

(No authorities were cited in support of the prayers on either. side.)

LORE, C. J., charging the jury:

Gentlemen of the jury:—Howard Lewis, the defendant in this case, is charged with an assault and battery.

An assault is an attempt to do violence to the person of another with the means at hand of carrying that intention into execution. The battery is the actual infliction of the injury, however slight that may be.

If you should find from the evidence in this case that the horse which was attached to the wagon was wilfully or intentionally driven into, or forced in contact with, the person of Mrs. Lucy Hallet on the occasion which is charged in this indictment, by some person, we say to you that that would constitute an assault and battery in law.

If at the time the horse's head came in contact with the person of Mrs. Lucy Hallett the horse and wagon were under the control and management of Howard Lewis, the defendant, then he would be the person who would be liable. He would be equally so,

gentlemen, although he did not have hold of the lines or the immediate guidance of the horse and wagon, if he was there present aiding, procuring, commanding, counseling or assisting the person who had hold of the lines and who was managing the horse and wagon.

We have been asked to charge you with respect to the right of way of a foot passenger and a loaded team upon a public highway. It is conceded that the road between Middletown and Odessa is a public highway. That highway is open, gentlemen, in all its length and breadth to the reasonable common and equal use of people on foot and on horseback or in vehicles.

The law upon this question has been very clearly laid down in the case of *McLain vs. Sharp, 2 Harr., 483:* "Where one undertakes to pass another, he who passes undertakes to go by at his own peril, if the other carriage leaves him road enough; and even when a horse in a gig has balked or stopped on the highway, the driver of a carriage behind, wishing to pass, is bound to stop if there be not road enough left for both carriages. For although every man has a right to pass on the public road, yet he must take reasonable care to exercise that right so as not to injure another."

Having stated to you what constitutes the offense of assault and battery, and also the law as it relates to the highway, it is now for you, from the evidence before you, to inquire whether the defendant is guilty of assault and battery or not guilty. If, after a careful consideration of the evidence, there is a reasonable doubt in your minds as to the guilt of the defendant, that doubt should innure to the benefit of the accused.

Verdict, not guilty.