[Crim. No. 976.  Third Appellate District.—September 26, 1927.]

THE PEOPLE, Respondent, v. TIMOTEO VASQUEZ, Appellant.

Ira B. Langdon for Appellant.

U. S. Webb, Attorney-General, J. Charles Jones, Deputy Attorney-General, and R. R. Fowler, District Attorney, for Respondent.

BURROUGHS, J., *pro tem.*—The defendant was charged by information with the crime of assault with a deadly weapon or instrument and by means and force likely to produce great bodily injury, and in a second count thereof, with involuntary manslaughter, both alleged offenses growing out of the same transaction. The defendant entered a plea of "not guilty" on each count, the cause was tried and the jury returned a verdict of "not guilty" on each one of the felony charges, but found the defendant guilty of assault. The court sentenced him to pay a fine of five hundred dollars and to imprisonment in the county jail of Stanislaus County for the term of six months, and from this judgment defendant appeals.

Appellant contends that there is no evidence to sustain the verdict of guilty of assault because there was no intent shown to commit the offense.

The facts are as follows: About 9 o'clock on the evening of July 30, 1926, the defendant was driving a motor-car on a public highway of Stanislaus County. He was driving on the right-hand side of the road, but without headlights, and the evidence discloses that it was a dark night. About five hundred feet west of the city limits of Modesto his car struck some object and he stopped his car and got out to investigate. About two hundred and twenty-five feet west from where the defendant stopped his car several state traffic officers were testing headlights. They heard the impact of the car against the object it had struck and immediately ran to the scene and by the aid of flashlights discovered there was a man under the car. They immediately lifted the car from him and carried him to the side of the road. He was bleeding from a cut on the head and was unconscious. He was recognized by one of the traffic officers as one Clarence Knowles. While the officers were endeavoring to render aid to Knowles, another automobile approached them from the west, traveling at a high rate of speed, and before the officers could move the unconscious man from its path it struck him and dragged him about thirteen feet and when the officers again reached him he died before they could pick him up or render any assistance.

Defendant testified that his lights had gone out about three-quarters of an hour before he hit Knowles and that he had tried to fix them, but was unable to do so, and he thereupon resumed driving and was proceeding at the rate of about eight or ten miles an hour when his car struck Knowles.

The witness Randall testified that he had seen the defendant shortly before he struck Knowles and he was driving without headlights, and the witness Morrison stated that defendant said his lights went out when he hit Knowles.

The crime of assault is defined by section 240 of the Penal Code as follows: "An assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another."

The court instructed the jury that the necessary elements of the crime of assault are three: The intent to commit a

violent injury on the person assaulted, a present ability to do so, and, in addition, the actual attempt to commit such injury.

Counsel for appellant contends that no intent was shown by the evidence ·and, therefore, one of the essential elements of the crime was lacking. This question, so far as we are advised, has not been before the supreme or appellate courts of this state, where the alleged assault was committed with an automobile, but there are many decisions from other jurisdictions where it has been held that where a party intentionally does an unlawful act, such as driving a car at a reckless rate of speed or at night-time without lights, or on the wrong side of the road, the party may be convicted of the crime of assault.

In *Bleiwiess* v. *State*, 188 Ind. 184 [119 N. E. 375, 122 N. E. 577], it is said: "There can be no doubt that an assault and battery may be committed by striking another with an automobile (*Luther* v. *State*, [1912] 177 Ind. 619 [98 N. E. 640]) although of course there must be some evidence of intent. 'But the intent may be inferred from circumstances which legitimately permit it. Intent to injure may not be inferred from a lack of ordinary care. It may be from intentional acts, where the injury was the direct result of them, done under circumstances showing a reckless disregard for the safety of others, and a willingness to inflict the injury, or the commission of an unlawful act which leads directly to the injury.' *Luther* v. *State, supra,* 177 Ind. 625 [98 N. E. 642]." And upon a rehearing (188 Ind. 186 [122 N. E. 577]), the court applied to the defendant's conduct the well-recognized common-law rule—"that the law holds him to have intended the natural and probable consequences of his unlawful and reckless acts."

In *Brimhall* v. *State* (Ariz.), 255 Pac. 165, the supreme court of Arizona said: "Where a party intentionally does an unlawful act, such as driving a car at a reckless rate of speed, or at night time without headlights, or on the wrong side of the road, and while so violating a positive law, recklessly and wantonly and without regard for the life or limb of others, runs into and injures another person, the rule seems to be that his conduct imputes to him to do what in fact he does do; and in such circumstances the courts unhesitatingly hold such party guilty of manslaughter and

we see no good reason why he may not be held for the lesser offense of aggravated assault.''

In *Banks* v. *Braman*, 188 Mass. 367 [74 N. E. 594], it is said: ''The law is regardful of human life and personal safety, and if one is grossly and wantonly reckless in exposing others to danger, it holds him to have intended the natural consequences of his act, and treats him guilty of a wilful and intentional wrong.''

The foregoing rule has been sustained in *Shorter* v. *State*, 147 Tenn. 355 [247 S. W. 985]; *State* v. *Lewis*, 4 Penne. (Del.) 332 [55 Atl. 3], and *State* v. *Schutter*, 87 N. J. L. 15 [93 Atl. 112].

▮ Applying the foregoing principle, which we believe is sound, to the facts of this case, the evidence shows without contradiction that the defendant, on a very dark night, on a public highway of this state, was driving an automobile without headlights, in violation of sections 99 and 100 of the California Vehicle Act (Stats. 1923, p. 517), and the jury were justified in holding that by such conduct on his part he intended the natural and probable consequences of his unlawful and reckless act.

Appellant further complains of certain instructions given by the court and of its failure to give other instructions offered by the defendant, but as they all relate to the question of specific intent, the foregoing opinion answers the objections raised.

▮ Objection is also made that certain instructions given by the court are uncertain and misleading in that they conclude with the language ''you should find the defendant guilty'' or similar expressions, and without stating of which particular offense the defendant should be found guilty. In our opinion the instructions are not subject to the criticism, but conceding that counsel is correct in his view, the instructions clearly relate to the felony charges contained in the information, and, as defendant was convicted of the lower offense of misdemeanor, prejudicial error cannot be predicated thereon.

Judgment affirmed.

Finch, P. J., and Plummer, J., concurred.