[Crim. No. 2778. Second Appellate District, Division Two.—September 13, 1935.]

THE PEOPLE, Respondent, v. ROY B. JAMES, Appellant.

Joseph A. Spray and Edgar B. Hervey for Appellant.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

FRICKE, J., *pro tem.*—Appeal from judgment and order denying a new trial. Defendant was convicted of a violation of section 288 of the Penal Code, the offense being committed upon his five-year-old daughter. ▮ The sole question presented on this appeal is whether it was error to permit appellant's wife, the mother of the child, to testify against him over objection.

While the wife of a defendant in a criminal action is, under section 1322 of the Penal Code, generally not a competent witness against him, that section contains various exceptions to this general rule, among which is in cases of "criminal violence" by the husband upon a child of the wife. This reduces the legal problem before us to the question as to whether the act made punishable by section 288 is one of "criminal violence".

The terms "violence" and "force" are synonymous when used in relation to assault (*People* v. *Will,* 79 Cal. App. 101, 119 [248 Pac. 1078]), and include any application of force even though it entails no pain or bodily harm and leaves no mark. As stated in *People* v. *Bradbury,* 151 Cal. 675, 677 [91 Pac. 497], quoting from Bishop on Criminal Law, "The kind of physical force is immaterial . . . ; it [violence] may

consist in the taking of indecent liberties with a woman, or laying hold of and kissing her against her will.'' It follows that the taking of indecent liberties with a five-year-old child is an act of violence, and if of the type described and made punishable by section 288 of the Penal Code, is ''criminal violence''. Appellant cites *People* v. *Curiale*, 137 Cal. 534 [70 Pac. 468, 59 L. R. A. 588], in which the court held that an act of sexual intercourse by defendant with his wife before marriage, she being under the age of consent, was not an act of criminal violence *upon the wife*, since it occurred prior to marriage. The further statement in the opinion that an act of sexual intercourse with a female under the age making the act statutory rape is not an act of criminal violence if she consents was not necessary to the decision, which involved the application of section 1322 of the Penal Code. In the later case of *People* v. *Babcock*, 160 Cal. 537, at page 540 [117 Pac. 549], the court says that ''it is now so firmly settled in this state as to be no longer open to question, that one who lays his hands upon such a female (i. e., below the age of consent) with the intent and purpose, then and there, to accomplish an act of sexual intercourse with her, is by so doing guilty of an assault with intent to commit rape, even though he does not use or intend to use any force or violence, and the female in fact offers no resistance whatever, or even expressly consents to all he does''. (Followed: *People* v. *Parker*, 74 Cal. App. 540 [241 Pac. 401].) In the case at bar the child was but five years of age, and there is no proof of knowledge on her part of the nature of the act committed upon her nor of its wrongfulness, and there was obviously no consent on her part. Clearly the act committed was an assault, and constituted criminal violence within the meaning of section 1322 of the Penal Code, and the wife was a competent witness against the accused.

The judgment and order are affirmed.

Crail, P. J., and Wood, J., concurred.