[Crim. No. 4340. Second Dist., Div. One. Sept. 1, 1949.]

THE PEOPLE, Respondent, v. TONY JOSEPH MONTANEZ, Appellant.

Gladys Towles Root for Appellant.

Fred N. Howser, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

WHITE, P. J.—Defendant was charged by information with the crime of violation of section 288 of the Penal Code, in that on October 2, 1948, he committed a lewd and lascivious act upon the body of a certain 5-year-old child with the intent of arousing, appealing to and gratifying the lusts, passions and sexual desires of the said child and the defendant. Trial by jury was waived by the defendant, his counsel and the district attorney, and it was stipulated that the People's cause be submitted on a transcript of the preliminary hearing, with the right on either side to put on additional testimony. Defendant was adjudged guilty and permitted to apply for probation. Probation was denied and judgment and sentence pronounced. The present appeal is from the judgment.

The sole ground urged for reversal is that the evidence is insufficient to support the judgment. The following recital of the testimony will demonstrate that this contention is without merit.

The complaining witness testified at the preliminary examination that she went to Sunday school and knew what happens to little girls that do not tell the truth; that the oath meant that she was to tell the whole truth. On Saturday afternoon she went to a park with her brothers. She saw defendant at the park; he was sitting down, and he followed wherever she went. She was playing ball with her brothers; she was chasing the ball when she went close to the defendant, who "got me and laid me on the grass," and took out his sex organ and touched her on her panties and put his hand on her back beneath her panties. The defendant then told the other children to have a race. While the other children were racing defendant took the complaining witness into the men's restroom, holding her by the wrist; that while in there he again took out his sex organ and made the witness touch it. She then went outside, crying, and went home. On cross-examination she testified that defendant promised her a nickel but did not give it to her; that he had a gun which he said was a "cap" gun.

The mother of the child testified that the child came home

scared, shaking and perspiring, and said that something "bad" had happened at the park.

In his own behalf defendent testified that after visiting a friend he went downtown to have a beer, decided to go to an employment office, and took a short cut across the park. When he got to the park he went to the restroom. He saw some children while walking across the park; the complaining witness was one of them; that the children asked where he was going and asked if he wanted to see them play a race, which he did. They then asked him for money to go to a show and he told them he did not have any. That he did not get to the employment office because it closed at noon on Saturday. Defendant was apprehended an hour or so after leaving the park. He denied the criminal acts testified to by the child. On cross-examination he was asked if he remembered denying to the officers that he had been in the park. He replied that he did not understand what they meant. He admitted denying that he had seen the child, and admitted sitting on the park lawn near the men's restroom for about five minutes. He denied stating to the arresting officers that the little girl followed him into the restroom. He was asked if while he was in the men's room some other men were there, to which he answered in the affirmative. He was asked if that was before or after the little girl was there, and he replied it was before. However, subsequently he testified that the child did not go into the toilet at any time he was there; that he did not take the child's hand and make her touch his penis, because he was in the men's room alone except for the presence of other men who did not remain there very long.

In rebuttal the prosecution called Richard, a brother of the complaining witness, who testified that at the park the defendant told Richard and his brother to race and told his sister not to race because she was too small; that the defendant told the witness' sister to sit down by him; the witness did not see the defendant do anything to his sister; that when Richard and his brother came back from the race the sister came out of the men's restroom crying and said that defendant made her touch his penis. They, the witness and her brothers, then ran home and told their mother. Richard was 10 years old and his brother was 8.

It was stipulated that if Police Officer Potter of Pasadena were called he would testify that shortly after his arrest the defendant "first denied being in the park, denied the vic-

tim's accusations, but did say to the officer that the little girl followed him into the toilet.''

It is at once manifest that this appeal is without merit. It is argued that the testimony of the child should have been received with caution, and that while defendant may have exposed himself in violation of section 311 of the Penal Code, there is no corroboration of the alleged violation of section 288 of the Penal Code. It is conceded by appellant that this court may not consider the weight of the evidence. Appellant places some importance upon the fact that the defendant testified to a ''complete denial'' and the contention that the testimony of the complaining 5-year-old child was not corroborated. The testimony hereinbefore recited is a complete answer to these contentions. Aside from the fact that the testimony of the child was not required to be corroborated (*People* v. *Lucas,* 16 Cal.2d 178, 181 [105 P.2d 102, 130 A.L.R. 1485]; *People* v. *Carlson,* 73 Cal.App.2d 993, 935, 936 [167 P.2d 812]), the transcript contains testimony which not only corroborates portions of the child's testimony, but justifies the rejection by the court as false of the defendant's version of what occurred. If the testimony of the 10-year-old brother was believed, as apparently it was, then obviously it was a justifiable inference that the defendant suggested a race among the older children in order that he might be alone with the prosecuting witness. Admissions and discrepancies in defendant's story were in themselves sufficient to warrant a trier of fact in rejecting his defense and affording credence to the witnesses for the prosecution. This court may not set aside a judgment unless the evidence on which it is based is so insubstantial or so inherently unbelievable or improbable as to constitute no evidence at all. In the present cause not only was the evidence of the prosecution substantial, but the evidence as a whole warranted no other finding than the one which was made.

As heretofore stated, the cause was tried on the transcript of the preliminary hearing, and such further evidence as either side saw fit to introduce. The child and her mother testified at the preliminary hearing. Upon the trial the prosecution offered no further evidence in chief; the defendant testified in his own behalf, and the prosecution offered testimony in rebuttal. The case of *People* v. *Wallin,** (Cal.App.) 208 P.2d 400, recently decided by this court, is not, as sug-

---

*A hearing by the Supreme Court was granted on Sept. 1, 1949.

gested in appellant's closing brief, determinative of this cause. No attack was made on the competency of the complaining victim; her testimony was amply corroborated. The child was present in court, and in fact was asked to stand up, at which time she walked to a place beside the counsel table, when the following transpired:

"Mr. Bird (Deputy Public Defender) : Q. Is this Erlinda Anita Gonzales?

"Mr. Galliano (Deputy District Attorney) : ''That is right.''

Thereupon the deputy public defender asked the defendant, ''Was she one of the children you saw there?'' to which he replied, ''Yes.'' She was therefore available as a witness had the defendant or his counsel chosen to call her to the witness-stand for any purpose.

The judgment is affirmed.

Doran, J., and Drapeau, J., concurred.