[Crim. No. 4396.   Second Dist., Div. Two.   Jan. 23, 1950.]

THE PEOPLE, Respondent, v. GEORGE JOSEPH KASUNIC, Appellant.

Gladys Towles Root for Appellant.

Fred N. Howser, Attorney General, and Dan Kaufmann, Deputy Attorney General, for Respondent.

WILSON, J.—Defendant was found guilty on four counts of violation of section 288 of the Penal Code, offenses committed upon his stepdaughter, and one count of violation of section 288a, an act committed upon his stepson, both being minors under the age of 14 years. He has appealed from the judgment of conviction.

■ Defendant's wife, mother of the two children, was called as a witness by the prosecution and was permitted to testify over defendant's objection that she was not a competent witness against her husband by reason of the provisions of section 1322 of the Penal Code.* Among the exceptions permitting one spouse to testify against the other in a criminal action are "in cases of criminal violence upon one by the other, or upon the child or children of one by the other." An act of taking indecent liberties with a child, punishable under section 288, is one of "criminal violence." (*People* v. *James,* 9 Cal.App.2d 162, 164 [48 P.2d 1011].)

The competency of a wife to testify against her husband must be determined upon the interpretation to be given to reservatory language in section 1322.

Defendant contends that the phrase "upon the child or children of one by the other" means that the child must be the issue of one spouse by the other spouse—in others words, says defendant, the child must be the issue of both spouses. Such a construction does violence to the intent and purpose of the statute and is contrary to grammatical construction. Section 1322 since its adoption in the original code of 1872 and in all amendments thereof has carried the words "in cases of criminal violence upon one by the other." (Amendments to codes 1873-4, p. 451; Stats. 1905, ch. 139, p. 140; Stats.

---

*Section 1322 reads as follows: "Neither husband nor wife is a competent witness for or against the other in a criminal action or proceeding to which one or both are parties, except with the consent of both, or in case of criminal actions or proceedings for a crime committed by one against the person or property of the other, whether before or after marriage or in cases of criminal violence upon one by the other, or upon the child or children of one by the other or in cases of criminal actions or proceedings for bigamy, or adultery, or in cases of criminal actions or proceedings brought under the provisions of section[s] 270 and 270a of this code or under any provisions of the 'Juvenile Court Law.' "

1907, ch. 230, p. 290; Stats. 1911, ch. 103, p. 270; Stats. 1933, ch. 109, p. 565.) The 1933 amendment added after the above quoted words "or upon the child or children of one by the other."

The Legislature intended from the beginning that one spouse should be a competent witness against the other in cases of "criminal violence," first, "upon one by the other," and later upon a child "of one by the other." Both the intent of the Legislature and grammatical construction lead to but one conclusion, to wit, that one spouse should be permitted to testify against the other when a criminal act is charged to have been committed by one spouse upon the child of the spouse who is called to testify. The meaning is clear. The antecedent of the phrase "by the other" is "criminal violence," and the antecedent of the words "of one" is the phrase "upon the child or children." The meaning is the same as if the section read: "In cases of criminal violence committed (1) by one spouse upon the other, or (2) upon the child or children of the other." While this statute is in derogation of the common law rule that one spouse was not a competent witness against the other in any case, the language cannot be given such a strained construction as would result in a miscarriage of justice and in rejecting a spouse's testimony in a case in which the defendant is not the parent of the child on which the offense was committed and admitting it if he or she is its parent. There can be no logical reason for holding that in a case such as this the mother of the children should not be permitted to testify because her husband, the defendant, is not the father of the children offended against and that she would be a competent witness if the defendant charged with the crime against them were their father.

In Ohio the statute provides that one spouse may testify against the other in a criminal case when the charge involves cruelty to "their children." Ascribing to those words their ordinary meaning, the court held that the term "child" includes stepchild and the statute applies in a case involving a stepchild. (*Ohio* v. *Strome,* 26 Ohio Nisi Prius (N.S.) 406.)

Defendant's only other contention is that the evidence is insufficient to sustain the judgment of conviction. It will serve no purpose to relate the evidence describing the acts as told by the children. The girl involved was 7 years of age and the boy was 10. The court qualified them and determined that they were of sufficient age and intelligence to be competent witnesses. They testified in detail to the acts done by

defendant which are in violation of the cited code sections. There were some discrepancies in their testimony concerning dates but no more so than in many instances in evidence given by adults. They were thoroughly cross-examined and questions were asked by the trial judge. Their evidence is not "so insubstantial or so inherently unbelievable or improbable as to constitute no evidence as all" (*People* v. *Montanez*, 93 Cal.App.2d 493, 496 [209 P.2d 151]) and is not so inherently improbable as to warrant an appellate tribunal in setting aside the conclusion and judgment of the trier of facts. (*People* v. *Campbell*, 80 Cal.App.2d 798, 800 [182 P.2d 626].) Testimony which merely discloses unusual circumstances, or even that which contains inconsistencies or contradictions, does not warrant the rejection of such evidence by a reviewing court. (*People* v. *Lucas*, 16 Cal.2d 178, 181 [105 P.2d 102, 130 A.L.R. 1485]; *People* v. *Huston*, 21 Cal.2d 690, 693 [134 P.2d 758]; *People* v. *Westek*, 31 Cal.2d 469, 472 [190 P.2d 9].)

Defendant's assertion that the evidence of the minor children should be rejected on the ground that they were coached by a deputy sheriff is without foundation. The deputy had interviewed them on two or more occasions before the trial and had told them to recite exactly what happened and to tell the truth. One of the interviews was in the presence of defendant and it does not appear that he contradicted anything that was said during the interrogation. On one occasion when a deputy sheriff, defendant and his wife were present the latter said to defendant, "Why don't you tell the truth to the officers? You know that those youngsters couldn't make up a story like that." Defendant did not deny the charges but replied, as testified by the deputy sheriff, that he could not admit anything like that because "if he went up on that kind of a charge it would be real tough on him." (Defendant was accused in the information of conviction of three prior felonies, two of which the court found to have been committed.) In testifying on his own behalf defendant, while denying the charges made against him, admitted going to Lake Encanto with his stepdaughter, the place where one of the offenses is alleged to have taken place, and taking the children to a picture show and stopping at a street intersection where the offense upon his stepson is alleged to have occurred, to that extent corroborating the evidence of the minor children.

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.