[Crim. No. 5855.   Second Dist., Div. Three.   Aug. 2, 1957.]

THE PEOPLE, Respondent, v. H. W. FLUMMERFELT, Appellant.

Harrison M. Dunham for Appellant.

Edmund G. Brown, Attorney General, and Henry K. Workman, Deputy Attorney General, for Respondent.

VALLÉE, J.—By information defendant was accused of assault with a deadly weapon in that on July 26, 1956, he unlawfully committed such an assault on James L. Kolb. (Pen. Code, § 245.)   In a nonjury trial he was convicted of assault.   He appeals from the judgment.

The only assignment of error is that the evidence is insufficient to support the finding of guilt.   The argument is that the evidence was not substantial.

On July 26, 1956, Kolb, a fireman employed by the city of Los Angeles and assigned to Mountain Patrol, went to defendant's property to investigate a reported fire.   When he arrived two engine companies were there putting a fire out, and one other patrolman.   Kolb told defendant they were going to take pictures and requested him not to move a couple of items.   Defendant told Kolb he would not allow any pictures to be taken.   Kolb told defendant he was going to take the pictures.   Defendant again informed him he would not allow it.   Kolb had a photographer sent to the property. Defendant again told Kolb that he was not going to allow any pictures to be taken.   After some further talk back and forth in which defendant used foul and obscene language, defendant requested Kolb to postpone taking the pictures for a few minutes while he went to make a telephone call.   Defendant got into his car and drove out of sight.   Kolb and the photographer waited about 20 minutes and then began taking pictures.   As they finished, defendant returned.   An employee of defendant told him Kolb had taken the pictures. Defendant put his car in gear, accelerated it, and steered it directly at Kolb.   The car struck Kolb on his shins, knees, and hands.   Defendant traveled about 15 or 20 feet before making contact.

Defendant testified that at no time was there a fire burning on the property, and he did not drive his automobile at or into Kolb.

On review, following a conviction in a criminal case, we must view the evidence in the light most favorable to

the People and we must assume the existence of every fact which the trier of fact could have reasonably deduced from the evidence. ■ We may not reweigh the evidence or resolve conflicts therein in favor of the defendant. The credibility of the witnesses and the weight to be given their testimony are committed exclusively to the trier of fact.

■ Penal Code, section 240, defines an assault. It reads: "An assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another."

As used in the statute, "violent injury" includes any wrongful act committed by means of physical force against the person of another. The kind of physical force used is immaterial. (*People* v. *Bradbury,* 151 Cal. 675, 676 [91 P. 497]; *People* v. *McCoy,* 25 Cal.2d 177, 191 [153 P.2d 315].) ■ The terms "violence" and "force" are synonymous when used in relation to assault, and include any application of force even though it entails no pain or bodily harm and leaves no mark. (*People* v. *James,* 9 Cal.App.2d 162, 163 [48 P.2d 1011].) ■ The intent to commit a violent injury on the person of another may be implied from the act; it is a question for the trier of fact. (*People* v. *Carmen,* 36 Cal.2d 768, 776 [228 P.2d 281].)

In *People* v. *Vasquez,* 85 Cal.App. 575 [259 P. 1005], the defendant, on a dark night, drove an automobile without headlights upon a public highway and struck a person apparently walking upon the highway. The court held the evidence sufficient to justify a conviction of assault.

■ Defendant, with Kolb in view, started his automobile from a stationary position, accelerated it, and steered it directly toward Kolb. He traveled about 20 feet and struck Kolb. It may be reasonably inferred from this evidence that defendant, with the present ability, unlawfully attempted to commit a violent injury on Kolb. All of the essential elements of assault were proved. The evidence is ample to show that defendant had the intention and the present ability to commit a violent injury on the person of another.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.