[Crim. No. 5842. Fifth Dist. Apr. 4, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID HENRY McGRAW, Defendant and Appellant.

**[Certified for partial publication.[1]]**

---

¹Part II is not published because it does not meet the standards for publication contained in California Rules of Court, rule 976(b). Since the facts are only relevant to part II, they also are not published.

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Judith W. Allen, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian and John K. Van de Kamp, Attorneys General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, James Ching and Jana L. Tuton, Deputy District Attorneys, for Plaintiff and Respondent.

**OPINION**

**FRANSON, Acting P. J.**—Appellant stands convicted, after a jury trial, of the second degree murder of his stepson Terry Roe, *age* 22 (Pen. Code, §§ 187, 189). The jury also found appellant used a gun in the commission of the crime within the meaning of Penal Code section 12022.5. Appellant was sentenced to state prison for a term of 17 years to life.

Appellant contends the trial court made two prejudicial rulings: (1) the marital communication privilege did not preclude appellant's wife from testifying against him; and (2) the prosecutor could present evidence that appellant had assaulted the victim seven years earlier with a gun.

As we shall explain, the trial court was correct in both rulings.

THE FACTS[2]

DISCUSSION

I

*The Trial Court Properly Ruled the Marital*
*Communications Privilege Did Not Apply*

Patricia McGraw, wife of appellant, voluntarily provided highly prejudicial testimony against her husband at trial. The testimony related to inculpatory statements made by appellant to Patricia after Terry was shot. Appellant contends the trial court erroneously failed to apply the confidential marital communications privilege set forth in Evidence Code section 980, which provides: "Subject to Section 912 and except as otherwise provided in this article, a spouse (or his guardian or conservator when he has a guardian or conservator), whether or not a party, has a privilege during the marital relationship and afterwards to refuse to disclose, and to prevent another from disclosing, a communication if he claims the privilege and the communication was made in confidence between him and the other spouse while they were husband and wife."

In ruling that the privilege did not apply, the court relied on the following exception contained in Evidence Code section 985: "There is no privilege under this article in a criminal proceeding in which one spouse is charged with: (a) A crime committed at any time against the person or property of the other spouse *or of a child of either.*" (Italics added.) Since the victim Terry was the child of Patricia McGraw, the court concluded that under section 985, subdivision (a) the marital communications privilege was inapplicable.

▪ Appellant argues the trial court erred in its interpretation of section 985 because the word "child" must be interpreted to mean a minor, i.e., a person under 18 years of age. (See Civ. Code, § 25 ["Minors are all persons under 18 years of age"].) We reject the argument.

[2]See footnote 1, *ante.*

An historical analysis of section 985, subdivision (a) fails to shed any light on the meaning of the word "child" as used in the statute. Subdivision (a) has not been changed since it was originally enacted as part of the newly created Evidence Code in 1965. The Evidence Code is largely the result of a detailed analysis of the 1953 Uniform Rules of Evidence (URE 1953) undertaken at the direction of the Legislature by the Law Revision Commission in 1956. The commission initially made tentative recommendations followed by a final Recommendation Proposing an Evidence Code.[4] (7 Cal. Law Revision Com. Rep. (1965) pp. 1008-1009.) URE 1953 rule 28, subdivision (2)(c) was the model for Evidence Code section 985, subdivision (a) and provides that the marital communications privilege is inapplicable "in a criminal action in which one [spouse] is charged with a crime against the person or property of the other or *of a child of either.*" (6 Cal. Law Revision Com. Rep. (1964) p. 446, italics added.) However, neither the commission's tentative study nor their final recommendation comment upon or interpret the clause, "or of a child of either." (*Ibid*; 7 Cal. Law Revision Com. Rep., *supra,* pp. 184-185.)[5]

Evidence Code section 985 is also based in part on former Penal Code section 1322 which was repealed in conjunction with the enactment of the Evidence Code. (See Legislative History and Cal. Law Revision Com. com. to Evid. Code, § 985, Deering's Ann. Evid. Code (1966 ed.) p. 482.) Former Penal Code section 1322 was enacted in 1872 and amended in 1933 to provide in relevant part: "Neither husband nor wife is a competent witness for or against the other in a criminal action . . . except . . . in cases of criminal violence upon one by the other, *or upon the child or children of one by the other* . . . ." (Stats. 1933, ch. 109, § 1, p. 565, italics added.)

The clause "or upon the child or children of one by the other" was never interpreted in any case which construed section 1322,[6] and no evidence of the in-

---

[4]The nine pamphlets comprising the tentative recommendations and studies relating to URE 1953, published and distributed by the commission from 1962 through 1964, are contained in volume 6 of the Commission's Reports, Recommendations and Studies (1964). The final recommendation is published in volume 7 (1965).

[5]The forerunner of URE 1953 rule 28, subdivision (2)(c), Model Evidence Code, rule 216, subdivision (c)(i), also contains the clause, "or of a child of either." The revision of the URE of 1953, the URE of 1974, rule 504, subdivision (d) contains a similar clause. (Model Evid. Code (1942) pp. 155-156; 13 Uniform Laws Ann., p. 223.) Nowhere is the word child defined or is the relevant clause discussed. In addition, none of the commentators define the word child, or comment on the clause in question. (Witkin, Cal. Evidence (2d ed. 1966) Witnesses, §§ 833, 844, pp. 778, 785-786; McCormick, Evidence (1972) § 84, pp. 170-171; 8 Wigmore, Evidence (McNaughton rev. ed. 1961) § 2338, pp. 665-666.)

[6]The sole interpretation of the word "child" was made in the context of determining whether the exceptions to the privilege contained in section 1322 only applied if the child was the issue of one or both of the spouses. It was held that such a construction would violate the intent and purpose of the statute and was contrary to grammatical construction. Hence, the word child as used in the statute included within its purview a stepchild. (*People* v. *Kasunic* (1950) 95 Cal.App.2d 676, 677-678 [213 P.2d 778].)

tent of the Legislature has been found. Thus, our examination of the history of section 1322 is also of no assistance to the court.

Statutes must be given a reasonable and common sense construction that leads to a wise policy and avoids absurd results. Realistically, the word "child" connotes a family relationship without any age limitations. A person remains a child of one's parents throughout life, not simply until the age of majority is reached. (Cf. *Succession of Quartararo* (La. 1962) 139 So.2d 277, 279; *In re Moran's Estate* (1899) 151 Mo. 555 [52 S.W. 377, 378]; *Gaydos* v. *Domabyl* (1930) 301 Pa. 523 [152 A. 549, 551].)

A contrary interpretation would produce the absurd result that the Legislature intended to provide greater protection for the property of the other spouse than for the children of either spouse. Section 985, subdivision (a) provides that there is no privilege in a criminal proceeding in which one spouse is charged with, "A crime committed at any time against the person *or property* of the other spouse or of a child of either." (Italics added.)

Our interpretation accords with the basic purpose of the marital communications privilege which is to preserve confidence and marital harmony between the spouses. (*People* v. *Worthington* (1974) 38 Cal.App.3d 359, 365 [113 Cal.Rptr. 322]; *People* v. *Carter* (1973) 34 Cal.App.3d 748, 752 [110 Cal.Rptr. 324], cert. den. 419 U.S. 846 [42 L.Ed.2d 75, 95 S.Ct. 81]; McCormick, *supra*, § 88, pp. 161-162.) Section 985, subdivision (a) is grounded on the self-evident premise that marital harmony would be nonexistent in criminal actions where a child of either spouse is the victim of a crime committed by one of the spouses. A parent is no less outraged, and marital harmony is no less obliterated because the child who was murdered was past his 18th birthday.

■  Privileges should be narrowly construed since they prevent the admission of relevant and otherwise admissible evidence. Professor McCormick points out that, "all privileges, in general, and this privilege for marital confidence in particular, are inept and clumsy devices to promote the policies they profess to serve, but are extremely effective as stumbling blocks to obstruct the attainment of justice. Accordingly, the movement should be toward restriction, and not toward expansion, of these mechanisms for concealment of relevant facts." (McCormick, Evidence, *supra*, § 78, p. 165.)

Finally, appellant's interpretation would violate the rule of construction that in enacting or amending a statute, the Legislature is presumed to know of existing laws. (58 Cal.Jur.3d (1980) Statutes, § 92, pp. 446-447.) The Legislature was aware of the word "minor" as statutorily defined in Civil Code section 25 (person under 18 years of age) when it used the word "child" in Evidence Code section 985, subdivision (a).

For the reasons stated, Patricia McGraw's testimony was outside the scope of the confidential marital communications privilege due to the exception set forth in section 985, subdivision (a).[7]

## II[8]

## III

The judgment is affirmed.

Andreen, J., and Hamlin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 29, 1983.

---

[7]This court's interpretation of the word "child" in the context of Evidence Code section 985 is also applicable to section 972 which provides that the separate marital privilege not to testify against a spouse is not applicable in, "(e) A criminal proceeding in which one spouse is charged with: (1) A crime against the person or property of the other spouse or of a child of either . . . ."

[8]See footnote 1, *ante.*