■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLOYD JACKSON, Appellant.—Judgment of the Supreme Court, Bronx County (Anita R. Florio, J.), rendered April 6, 1984, after a jury trial, convicting defendant of manslaughter in the second degree and criminal possession of a weapon in the third degree and sentencing him as a predicate felon to a term of imprisonment of 6 to 12 years on the manslaughter conviction and to a concurrent term of imprisonment of 3 to 6 years on the weapon conviction, is unanimously modified, on the law and as a matter of discretion in the interest of justice, defendant's adjudication as a second felony offender reversed and the matter remanded for resentencing of defendant as a first felony offender, and the judgment is otherwise affirmed.

The evidence adequately supports the jury's verdict in all respects, and we do not find that any of the prosecutor's remarks on summation warrant reversal. However, we do find merit in defendant's argument that his 1971 North Carolina conviction cannot serve as the basis for his predicate felon

status due to the People's failure to satisfy the requirements of the statutory test for imposing an enhanced sentence under the second felony offender statute.

The Court of Appeals in *People v Gonzalez* (61 NY2d 586, 589) set forth the following clear rules for determining whether an out-of-State conviction satisfies the New York tests for predicate felony status: "For purposes of sentencing, a prior out-of-State conviction is a predicate felony conviction in New York when the foreign conviction carries with it a sentence of imprisonment in excess of one year and a sentence in excess of one year is also authorized for the offense in this State (Penal Law, § 70.06, subd 1, par [b], cl [i]). Because New York only permits terms of imprisonment in excess of one year for felony convictions, the statute requires that the conviction be for a crime whose elements are equivalent to those of a New York felony. To determine whether a foreign crime is equivalent to a New York felony the court must examine the elements of the foreign statute and compare them to an analogous Penal Law felony, for '[i]t is the statute upon which the indictment was drawn that necessarily defines and measures the crime' (see *People v Olah*, 300 NY 96, 98). The crime cannot be extended or enlarged by allegations in the indictment or by referring to evidence at trial."

An exception to the rule prohibiting references to allegations in the indictment to determine whether or not the foreign conviction constitutes a felony in New York has been established for instances when the foreign statute "renders criminal not one act but several acts which, if committed in New York, would in some cases be felonies and in others would constitute only misdemeanors [citations omitted]." *(People v Gonzalez, supra,* at pp 590-591.) In such an instance the sentencing court may "scrutinize the accusatory instrument" to determine, if possible, for which act under the statute the defendant was convicted. *(Supra,* p 590.) However, if even after a review of the accusatory allegations the sentencing court cannot resolve which statutory alternative is involved, the court may not rely on the underlying facts to resolve the question, not even defendant's inculpating statements at a plea, which statements would amount to evidence of a felonious act in New York. *(Supra.)*

On September 20, 1971, defendant pleaded guilty to the North Carolina misdemeanor of assault with a deadly weapon (NC Gen Stats § 14-33 [b] [1]). The statute provides in relevant part that:

"any person who commits any assault, assault and battery, or affray is guilty of a misdemeanor punishable by a fine, imprisonment for not more than two years, or both such fine or imprisonment if, in the course of the assault, assault and battery or affray, he:

"(1) Inflicts, or attempts to inflict serious injury upon another person or uses a deadly weapon".

Thus, the North Carolina statute renders three different acts criminal, the actual infliction of serious injury, the attempt to inflict serious injury, or the act of an assault with a weapon, which does not contain any element of physical injury or serious physical injury. Under comparable New York assault statutes, to constitute a felony the assault must contain the element of intentional infliction of physical injury or serious physical injury. (Penal Law §§ 120.05, 120.10.) Accordingly, the North Carolina misdemeanor crime of assault with a deadly weapon pursuant to the last statutory alternative in North Carolina General Statutes § 14-33 (b) (1) would not constitute a felony in New York.

In the present case, the People never produced the North Carolina accusatory instrument to confirm under which theory the North Carolina assault was based. The People's argument that the conviction does constitute a predicate felony rests solely on an improper reference to the probation report on the instant case, which states that "[a]ssertedly, at a party, the defendant stabbed a man with a knife." Reliance on these apparently unproven underlying facts is prohibited by *People v Gonzalez (supra)*, which only permits reference to the accusatory instrument to clarify the statutory charge. Defendant, on the other hand, points to the fact that the transcript of the North Carolina plea proceedings states he entered a plea to "assault with a deadly weapon", thereby suggesting that he was convicted under the last provision of the statute, which is not a felony in New York. However, defendant does not bear the burden of disproving that the prior conviction was a proper predicate. Rather, the People bear the burden of satisfying the sentencing court that the foreign conviction properly constitutes a predicate felony in New York. When the People, as in this case, are unable through a review of the accusatory instrument to prove this "then the court's analysis is at an end and enhanced sentencing must be denied. There can be no resort to other parts of the record to fill the gaps *(People v Olah, supra)." (People v Gonzalez, supra,* at p 592.) Concur—Sandler, J. P., Carro, Asch, Fein and Lynch, JJ.