■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v STEVEN R. LOCKWOOD, Respondent.—Judgment unanimously affirmed. Memorandum: Following his conviction of two counts of assault in the second degree, defendant was sentenced to six months "shock" confinement to his home, five years probation and was ordered to pay $25,000 in restitution. The People appeal from the sentence on the ground that it is invalid as a matter of law. They contend that the court should have sentenced defendant as a second felony offender, based on any of three prior California convictions, to a mandatory indeterminate term of imprisonment.

We conclude that none of defendant's California convictions constitutes a predicate felony pursuant to Penal Law §§ 70.06 or 70.10. The California robbery statute criminalizes conduct which does not necessarily constitute robbery in New York. A California defendant can commit robbery by a nonimmediate threat of injury to persons or property (see, Cal Penal Code §§ 211, 212). The New York equivalent to those crimes is larceny by extortion (see, Penal Law § 155.05 [2] [e] [ii]), which may or may not constitute a felony in New York depending on the character or value of the item stolen (Penal Law § 155.30). The California accusation against defendant charges him with theft of a wallet or cash "by means of force or fear". That accusation does not allow us to conclude that the California conduct was equivalent to the New York felonies of robbery or grand larceny by extortion.

Similarly, the California burglary statute under which defendant was convicted has no New York felony equivalent. Unlike the New York burglary statute (Penal Law art 140), the California statute does not require that the entry be unlawful (see, Cal Penal Code § 459; *People v Deptula,* 58 Cal 2d 225, 373 P2d 430).

Finally, the California assault statute under which defendant was convicted does not constitute a predicate felony. Unlike the New York assault statute (Penal Law art 120), the California statute does not require a specific intent to cause a particular injury, but merely the general intent to commit a battery (see, Cal Penal Code §§ 240, 245; *People v Flummerfelt,* 153 Cal App 2d 104, 313 P2d 912; *see also, People v Cavazos,* 172 Cal App 3d 589, 218 Cal Rptr 269; *People v James,* 9 Cal App 2d 162, 48 P2d 1011). (Appeal from Judgment of Monroe County Court, Maloy, J.—Sentence.) Present—Denman, P. J., Boomer, Balio, Lawton and Fallon, JJ.