Fourth Department, September, 1996

(September 27, 1996)

■ The People of the State of New York, Respondent, v Vincent Francis, Appellant. [647 NYS2d 885] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Cattaraugus County Court for resentencing in accordance with the following Memorandum: County Court erred in sentencing defendant as a second felony offender based upon two prior California convictions. Neither of those convictions constitutes a predicate felony conviction pursuant to Penal Law § 70.06. The California burglary statute under which defendant was convicted (*see,* Cal Penal Code § 459) has no New York felony equivalent (*see,* *People v Lockwood,* 186 AD2d 985). Assault with intent to commit rape under the California Penal Code (*see,* Cal Penal Code §§ 220, 240, 261) encompasses conduct comparable to attempted rape in the first degree (Penal Law §§ 110.00, 130.35 [1], [2]), a class C violent felony (*see,* Penal Law § 70.02 [1] [b]). The California statute, however, also criminalizes conduct that would constitute attempted rape in the third degree (*see,* Penal Law § 130.25 [1]), a class A misdemeanor (*see,* Penal Law § 110.05 [7]), as well as conduct that would not constitute a crime in this State (*see generally,* *People v Hough,* 159 Misc 2d 997). The People failed to produce the California accusatory instrument to clarify the statutory charge (*see,* *People v Gonzalez,* 61 NY2d 586, 591) and enable the sentencing court to "determine, if possible, for which act under the statute the defendant was convicted" (*People v Jackson,* 118 AD2d 469, 470, *lv denied* 67 NY2d 944). Conse-

quently, the People failed to meet their burden of establishing that the California conviction of assault with intent to commit rape constitutes a predicate felony (*see, People v Jackson, supra,* at 471; *see also,* CPL 400.21 [7]). We modify the judgment, therefore, by vacating the sentence and remit the matter to Cattaraugus County Court for resentencing of defendant as a first felony offender.

We have examined defendant's remaining contentions, including those raised in defendant's *pro se* supplemental brief, and conclude that none requires reversal. (Appeal from Judgment of Cattaraugus County Court, Himelein, J.—Attempted Burglary, 2nd Degree.) Present—Green, J. P., Pine, Fallon, Callahan and Davis, JJ.