■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KERRY WALLS, Appellant. [716 NYS2d 532] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Monroe County Court for resentencing in accordance with the following Memorandum: On appeal from a judgment convicting him of criminally negligent homicide (Penal Law § 125.10), defendant contends that County Court erred in sentencing him as a second felony offender based upon his 1993 conviction of interstate transport of firearms in violation of 18 USC § 922 (a) (3); that the court erred in admitting inflammatory photographs of defendant's tatoos; and that defendant was denied a fair trial by prosecutorial misconduct during summation.

Pursuant to 18 USC § 922 (a) (3), it is a crime "for any person, other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector to transport into or receive in the State where he resides * * * any firearm purchased or otherwise obtained by such person outside that State." The equivalent New York crime is defined by Penal Law § 265.10 (2), which provides, in relevant part, that any person "who transports or ships as merchandise five or more firearms" is guilty of a class D felony, but that "[a]ny person who transports or ships as merchandise any firearm * * * is guilty of a class A misdemeanor." Thus, the Federal statute criminalizes an act that New York makes a misdemeanor. The allegation in the Federal indictment that defendant in fact transported eight firearms constituted surplusage under the Federal statute and

should not have been considered by the court in determining whether the Federal crime was equivalent to a New York felony (*see, People v Muniz,* 74 NY2d 464, 468; *People v Gonzalez,* 61 NY2d 586, 589; *People v Olah,* 300 NY 96, 98). Nor should the court have considered the recitals in the written plea agreement entered into between defendant and Federal authorities (*see, People ex rel. Goldman v Denno,* 9 NY2d 138, 141-142; *People v Olah, supra,* at 100-102; *People v Dorsey,* 270 AD2d 824, 825, *lv denied* 95 NY2d 834). Because defendant was improperly sentenced as a second felony offender, we modify the judgment by vacating the sentence, and we remit the matter to Monroe County Court for resentencing (*see, People v Attea,* 269 AD2d 829; *People v Francis,* 231 AD2d 839, *lv denied* 89 NY2d 942).

We have considered defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Monroe County Court, Bristol, J.—Criminally Negligent Homicide.) Present—Hayes, J. P., Scudder, Kehoe and Lawton, JJ.