Filed 6/21/22  P. v. Ireland CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>BRYANNA JOY IRELAND,<br><br>    Defendant and Appellant. | F082930<br><br>(Super. Ct. No. CRF63961)<br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Tuolumne County.  Donald I. Segerstrom, Jr., Judge.

Theresa Osterman Stevenson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri and Barton Bowers, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Poochigian, Acting P. J., Peña, J. and Meehan, J.

Bryanna Joy Ireland was convicted by a jury of one count of resisting an executive officer. On appeal, she argues her conviction is unsupported by substantial evidence. This claim lacks merit. Ireland further contends that certain fees imposed at sentencing have been rendered unauthorized by new legislation. The People concede the latter point, and we agree with the parties. The portion of the judgment imposing the fees at issue is vacated. The judgment is otherwise affirmed.

## PROCEDURAL HISTORY

On July 24, 2020, a complaint was filed in the Tuolumne County Superior Court, charging Ireland with felony obstructing or resisting an executive officer in performance of duties. (Pen. Code, § 69, subd. (a).)[1] On October 21, 2020, after Ireland waived a preliminary hearing, the complaint was deemed an information. On April 15, 2021, a jury found Ireland guilty of violating section 69 as charged. On May 10, 2021, the court suspended imposition of sentence and placed Ireland on two years' probation, subject to certain terms and conditions. The court ordered Ireland to serve 120 days of home detention with credit for nine days served.

## FACTUAL BACKGROUND

On July 22, 2020, at approximately 12:08 p.m., Sonora police officers Thomas Brickley and Priscilla Carrasco were dispatched to a Rite Aid store in Sonora. The store manager had reported that a female, identified at trial as Ireland, was causing a disturbance inside the store; she was screaming and yelling, and bothering customers. Upon arrival, the officers contacted Ireland, who was sitting outside the store.

Ireland told the police officers she wanted to talk to Sergeant Speers of the Tuolumne County Sheriff's Office and requested a ride to his house. Officer Brickley told her he would issue a trespass letter and thereafter she would have to leave the Rite Aid. Ireland replied, "that's not how this works," and began to walk away. When the

---

[1]     Undesignated statutory references are to the Penal Code.

2.

officers told her to stop, she responded with profanity and assumed a confrontational stance. Officer Brickley then put her in a "wrist lock" (by placing her arm behind her back and trapping the elbow with the palm of the hand facing up) and took her to his patrol car, where he released the wrist lock and directed her to sit on the curb. He wrote out a trespass letter to give to her. As he did so, she removed her face mask and threw it at him, hitting his face. She threatened to "whoop" one of the officers' "asses."

Officer Brickley told Ireland she was being placed under arrest and the officers tried to detain her in handcuffs. As they did so, she screamed, yelled, pulled away, and rolled around on the ground. She continued to resist even as Officer Brickley told her to stop; Officer Brickley put his hand and knee on the back of her head while she was on the ground. It took the officers more than a minute to restrain her in handcuffs.

The officers escorted Ireland to a patrol car. Ireland became combative near the trunk of the car; she kicked at the officers and scratched Officer Carrasco on the arm. The officers brought her to the ground to gain control over her. They placed her in the car when she had calmed down. Once inside the car, she screamed and said she would "kill" the officers. When Officer Brickley opened the car door to check on her, she placed her leg outside the car. The officer guided her leg back inside with his baton.

Ireland had a small abrasion above her left eye. Officer Brickley used his cell phone to photograph her injury; Ireland slapped the phone out of his hand.

## DISCUSSION

### I. Ireland's Conviction for Obstructing or Resisting an Executive Officer in the Performance of Duties is Supported by Substantial Evidence

Ireland argues: "The evidence was insufficient to support Ireland's conviction for felony resisting arrest since no reasonable juror could have found there was probable cause for arrest or that the force used was reasonable." (Unnecessary capitalization omitted.) Ireland posits her arrest was unlawful for two reasons, each of which would independently preclude her conviction under section 69. (See *In re Manuel G.* (1997)

3.

16 Cal.4th 805, 818 ["California's long-standing rule [is] that a defendant cannot be convicted of an offense against a peace officer engaged in the performance of his or her duties unless the officer was acting lawfully at the time of the offense"].)

Ireland first "contends her conviction for violating section 69 cannot stand because the officers did not have probable cause to arrest her, and that unlawful act led to her resistance, which occurred thereafter." Ireland next contends the arrest was unlawful because Officer Brickley used unreasonable or excessive force in effecting it. We disagree with both contentions and affirm.

## A. *Standard of Review*

The test of sufficiency of the evidence is whether, reviewing the whole record in the light most favorable to the judgment below, it discloses substantial evidence such that a reasonable trier of fact could find the essential elements of the crime beyond a reasonable doubt. (*People v. Johnson* (1980) 26 Cal.3d 557, 578; accord, *Jackson v. Virginia* (1979) 443 U.S. 307, 319.) Substantial evidence is evidence that is "reasonable, credible, and of solid value." (*People v. Johnson*, at p. 578.) An appellate court must "presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence." (*People v. Reilly* (1970) 3 Cal.3d 421, 425.) An appellate court must not reweigh the evidence (*People v. Culver* (1973) 10 Cal.3d 542, 548), reappraise the credibility of the witnesses, or resolve factual conflicts, as these are functions reserved for the trier of fact (*In re Frederick G.* (1979) 96 Cal.App.3d 353, 367). "If the circumstances reasonably justify the [trier of fact's] findings, reversal is not warranted merely because the circumstances might also be reasonably reconciled with a contrary finding." (*People v. Redmond* (1969) 71 Cal.2d 745, 755.)

## B. *Elements of a Section 69 Offense*

Section 69 states: "Every person who attempts, by means of any threat or violence, to deter or prevent an executive officer from performing any duty imposed upon the officer by law, or who knowingly resists, by the use of force or violence, the officer,

in the performance of his or her duty, is punishable by a fine not exceeding ten thousand dollars ($10,000), or by imprisonment pursuant to subdivision (h) of Section 1170, or in a county jail not exceeding one year, or by both such fine and imprisonment."  Our Supreme Court has explained that section 69 " 'sets forth two separate ways in which an offense can be committed [under this section].  The first is attempting by threats or violence to deter or prevent an officer from performing a duty imposed by law; the second is resisting by force or violence an officer in the performance of his or her duty.' " (*People v. Smith* (2013) 57 Cal.4th 232, 240.)

Here, the record reflects, and both parties agree, that Ireland was prosecuted under the second theory.  "The second way of violating section 69 expressly requires that the defendant resist the officer 'by the use of force or violence,' and it further requires that the officer was acting lawfully at the time of the offense." (*People v. Smith*, *supra*, 57 Cal.4th at p. 241; *In re Manuel G.*, *supra*, 16 Cal.4th at pp. 815, 818; see CALCRIM Nos. 2652, 2670.)

### C.    *Substantial Evidence Shows Officers Had Probable Cause to Arrest Ireland*

Ireland's contention that her arrest was unlawful because the officers did not have probable cause to arrest her for any public offense lacks merit.  Peace officers may execute arrests for felonies and misdemeanors committed in their presence.  (§ 836, subds. (a)(1) & (2).)  Officer Brickley testified that, immediately after Ireland took off her face mask, threw it at him, and hit his face, he told her she was being placed under arrest.  With this act, Ireland committed assault and battery.  (§§ 240 ["An assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another."], 242 ["A battery is any willful and unlawful use of force or violence upon the person of another."]; *People v. James* (1935) 9 Cal.App.2d 162, 163 ["The terms 'violence' and 'force' are synonymous when used in relation to assault [citation], and include any application of force even though it entails no pain or bodily harm and leaves

no mark."]; *People v. Golde* (2008) 163 Cal.App.4th 101, 108, 122 ["violent injury," as would support conviction for assault, can be "the least touching," and it includes any wrongful act committed by means of physical force against the person of another, even if only the feelings of such person are injured]; *People v. Hernandez* (2011) 200 Cal.App.4th 1000, 1006 [for simple battery, the force at issue need not be violent or severe, and it need not cause bodily harm or pain; even a slight touching may constitute a battery, if it is done in a rude or angry way].)

Furthermore, Ireland had already threatened to "whoop" one of the officers' "asses," which statement furnished probable cause to believe that Ireland was acting in violation of section 69.  In short, Ireland's contention that her arrest was unlawful for lack of probable cause fails.

### D.    *Substantial Evidence Shows Officers Used Reasonable Force in Arresting Ireland*

Ireland next contends, "[t]he use of excessive force also makes an arrest unlawful and triggers a person's right to self-defense with reasonable force."  (See *People v. White* (1980) 101 Cal.App.3d 161, 166–168; *People v. Curtis* (1969) 70 Cal.2d 347, 356, overruled on other grounds by *People v. Gonzalez* (1990) 51 Cal.3d 1179, 1222.)  Both parties agree that peace officers may not use excessive force in arresting a person, and that the use of excessive force renders the arrest unlawful.  (See § 835a, subd. (a)(1); *People v. Olguin* (1981) 119 Cal.App.3d 39, 46; *People v. White*, at p. 167.)  Officers may, however, use reasonable force in effecting an arrest.  (See §§ 835, 835a, subd. (b).)

Here, whether the officers used excessive force in arresting Ireland was a question for the jury.  (See *People v. White*, *supra*, 101 Cal.App.3d at p. 168.)  The court instructed the jury pursuant to CALCRIM No. 2670, which clarified that the People had the burden to prove the officers used reasonable force.[2]  The issue at hand is therefore

---

[2]    The jury was instructed:

6.

whether the record discloses substantial evidence to support the jury's determination that the officers' use of force was reasonable.

A determination as to whether a peace officer's actions were objectively reasonable entails consideration of "the facts and circumstances confronting the peace officer." (*Brown v. Ransweiler* (2009) 171 Cal.App.4th 516, 527.) " ' "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." ' " (*Id.* at

---

"The People have the burden of proving beyond a reasonable doubt that Thomas Brickley and Priscilla Carrasco were lawfully performing their duties as peace officers. If the People have not met this burden, you must find the defendant not guilty of resisting arrest.

"A peace officer is not lawfully performing his or her duties if he or she is using unreasonable or excessive force when making or attempting to make an otherwise lawful arrest or detention.

"Special rules control the use of force.

"A peace officer may use reasonable force to arrest or detain someone, to prevent escape, or to overcome resistance or in self-defense.

"If a person knows or reasonably should know that a peace officer is arresting or detaining him or her, the person must not use force or any weapon to resist an officer's use of reasonable force. However, you may not find the defendant guilty of resisting arrest if the arrest was unlawful, even if the defendant knew or reasonably should have known that the officer was arresting her. If a peace officer uses unreasonable or excessive force while arresting or attempting to arrest a person, that person may lawfully use reasonable force to defend herself.

"A person being arrested or detained uses reasonable force when she:

"One, uses the degree of force that she actually believes is reasonably necessary to protect herself from the officer's use of unreasonable or excessive force;

"And, two, uses no more force than a reasonable person in the same situation would believe is necessary for her protection."

7.

p. 527.) "In calculating whether the amount of force was excessive, a trier of fact must recognize that peace officers are often forced to make split-second judgments, in tense circumstances, concerning the amount of force required." (*Id*. at p. 528; accord *Graham v. Connor* (1989) 490 U.S. 386, 396–397 ["The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation."].)

In this case, Officer Brickley explained that, as a peace officer, he was trained in the use of force. He deployed a wrist lock after Ireland became aggressive and confrontational. He made the decision to arrest her after she threw her face mask at him and threatened to "whoop" the officers. When he tried to handcuff her, she screamed, yelled, resisted, and rolled on the ground. After she was handcuffed, Ireland started resisting the officers again. She scratched and kicked at the officers; they took her to the ground to gain control over her. The officers did not strike Ireland with their fists or use weapons. Ireland suffered an abrasion, a relatively minor injury.

On the instant record, a rational juror could properly find that Officer Brickley used reasonable force in arresting Ireland.

## II. Given New Legislation that Recently Took Effect, the Criminal Justice Administrative Fee, Presentence Report Fee, and Monthly Probation Supervision Fee Imposed at Sentencing, are Unauthorized and are Vacated

The trial court imposed, at sentencing, a criminal justice administration fee in the amount of $183 under Government Code sections 29550 and 29550.2, a presentence report fee in the amount of $615 under section 1203.1b, and a monthly probation supervision fee in the amount of $26.50 under section 1203.1e. The parties agree that under newly enacted legislation, i.e., Assembly Bill No. 1869 (Stats. 2020, ch. 92, §§ 11, 24, 62, eff. July 1, 2021), these fees are no longer authorized and must be vacated. We agree with the parties and vacate the portion of the judgment imposing these fees.

## DISPOSITION

The portion of the judgment imposing the criminal justice administration fee, presentence report fee, and monthly probation supervision fee is vacated.  The judgment as modified is affirmed.  The trial court is directed to amend any relevant orders and the judgment accordingly and forward copies thereof to the appropriate authorities.