[Crim. No. 2241. Second Appellate District, Division One.—October 7, 1932.]

THE PEOPLE, Appellant, v. A. J. SHOWALTER, Respondent.

U. S. Webb, Attorney-General, John D. Richer, Deputy Attorney-General, Buron Fitts, District Attorney, and Frank W. Stafford, Deputy District Attorney, for Appellant.

Paul Barksdale D'Orr and Thomas A. Reynolds for Respondent.

HOUSER, J.—Defendant, who was a receiver appointed by the trial court, was indicted by the grand jury on six separate counts for the commission by him of the "crime of embezzling public moneys, in violation of section 424 of the Penal Code". A demurrer to the indictment was sustained and the action "dismissed" by order of the trial court. The plaintiff has appealed "from a judgment for the defendant on the demurrer and the order of dismissal".

The pertinent portion of section 424 of the Penal Code, under the provisions of which defendant was indicted, is as follows:

"Each officer of this state, or of any county, city, town, or district of this state, and every other person charged with the receipt, safekeeping, transfer, or disbursement of public moneys, who . . . without authority of law, appropriates the same, or any portion thereof, to his own use, or to the use of another; . . . is punishable by imprisonment in the state prison. . . . "

"The phrase 'public moneys', . . . includes . . . all moneys . . . held by state, county, district, city, or town officers in their official capacity." (Pen. Code, sec. 426.)

It is thus apparent that in a determination of the correctness of the judgment from which the appeal is taken, the questions which may be considered include, first, whether within the intent of section 424 of the Penal Code, a receiver appointed by the court in a civil action is an officer; and, if so, whether the moneys held by such person as such receiver are "public moneys".

In effect, it is urged by appellant that since by the authorities generally, a receiver is an officer of the court, it necessarily follows that, in its nature, his position complies with the well-recognized requirement that to constitute one an officer of the state, or any subdivision thereof, in his official capacity he must exercise some portion of the sovereign functions of government. In other words, that since the court itself represents the judicial department of the government of the state, and since a receiver is "an arm of the court", the inevitable conclusion must be that a receiver is a part of the judicial machinery of the government, and hence is a public officer within the meaning and intent of the statute.

It would be a useless task, if not an endless one, to attempt to distinguish the numerous cases which have been decided throughout the several jurisdictions of the United States in which the respective facts with relation thereto have been considered and a definition of the term "public officer" has been given; and thus endeavor to harmonize the several conclusions found in such cases with any judgment which should be rendered herein. As is stated in *Pacific Finance Co.* v. *City of Lynwood*, 114 Cal. App. 509 [300 Pac. 50, 52, 1 Pac. (2d) 520], "it would be futile to attempt to reconcile the many definitions of 'public officer' . . . " And in that connection, although by some authorities it has been perhaps loosely declared that a receiver is a public officer, whenever the question has been directly at issue the weight of authority is to the contrary of that so generally announced. It is clear that, based on the argument of plaintiff, any person, such as an executor, an administrator, a guardian or a referee appointed by the court to assist in the administration of its functions, likewise would be a public officer.

In section 1 of Mechem on Public Officers it is said: "A public office is the right, authority and duty, created and conferred by law, by which for a given period, either fixed by law or enduring at the pleasure of the creating power, an individual is vested with some portion of the sovereign functions of government, to be exercised by him for the benefit of the public. As here used, the word 'office' is to be distinguished from its application to such positions as are at most *quasi* public only, as the charge or office of an executor, administrator, or guardian, . . . "

In the *Matter of Hathaway*, 71 N. Y. 238, where the question is considered at length, it was held that a person who had been appointed to act as surrogate in a particular case was not a public officer. In part, the syllabus is as follows:

"The term 'public office' as used in the Constitution, has respect to a permanent public trust or employment, to be exercised generally and in all proper cases; it does not include the appointment, to meet special exigencies, of an individual to perform transient, occasional, or incidental duties, such as are ordinarily performed by public officers, . . . "

The case of *Stevens* v. *Larwill*, 110 Mo. App. 140 [84 S. W. 113, 118], involved the question of whether an admin-

istrator of an estate was a public officer. In that connection, the court said:

"It is contended, however, that an administrator is a state officer, and as such is included within the meaning of section 12, article VIII, of the Constitution of this state, which declares that 'no person shall be elected or appointed to any office in this state, civil or military, who is not a citizen of the United States and who shall (not) have resided in this state one year next preceding his election or appointment'. An administrator belongs to the same class of officers as curators, guardians, receivers, referees, and the like, whose duties are private and concern private interests, and are in no sense of the term public. He is invested with no portion of the sovereign functions of the state, to be exercised by him for the benefit of the public, and is therefore not an officer of this state within the meaning of the constitutional provision just quoted. . . . "

The case of *Baird* v. *Lefor*, 52 N. D. 155 [38 A. L. R. 807, 201 N. W. 997], is directly in point. It is there held (syllabus) that "receiver is not public officer, but is officer of court in sense of agent or representative in holding property over which court may acquire jurisdiction and in disposing of it."

In the course of the opinion, in part the following appears:

"We think that a receiver appointed by a court is not the holder of a civil office within the meaning of that term as used in the Constitution. It is true that he is an officer of the court. (Citing authorities.) . . . A receiver is an officer of the court in the sense that he is the agent or representative of the court in holding any property that the court may acquire jurisdiction over and in disposing of the same; the hand and arm of the court through whom the court acts. He is appointed by, and is removable at, the pleasure of the court. He is responsible to no one but the court. His compensation is fixed by the court. He can sue or be sued, but only under the direction and with the permission of the court. His authority comes from the court and in its exercise he has no discretion independent of the court. He exercises none of the powers of civil government. He is no more a civil officer than is an attorney at law, or a guardian, or a referee, or a jury commissioner, or a juryman, or any 'officer' appointed by the court to enable it to properly function as a court."

It is of course manifest that the duties of a receiver in a civil action relate solely to such assets and liabilities as affect private individuals, especially the parties to the particular proceeding in which the receiver is appointed; and that, strictly speaking, he is in nowise concerned with public moneys, in which the entire state is interested. ▮ As affects criminal statutes, the policy of the law is to make plain that which is intended to constitute an infraction of its provisions. Where the language employed is ambiguous or doubtful in its intent, a construction of the statute should always be favorable, rather than unfavorable, to any person accused of a violation of the law. In other words, although the common-law rule that penal statutes be strictly construed has no application to the provisions contained in the Penal Code, nevertheless a criminal statute should be construed according to the fair import of its terms. (23 Cal. Jur. 790, 802, and authorities there cited.)

Looking to the title of the Penal Code in which is located the particular statute under the provisions of which defendant was accused, it is noted that its heading is "Crimes Against the Revenue and Property of the State". Since it is apparent that a receiver appointed in an ordinary civil action has nothing to do with the "revenue and property of the state", but that his duties and activities are necessarily confined to an administration of the business affairs of private individuals, it would seem clear that within the meaning and intent of the statute, in accordance with the law as announced in the authorities to which attention has been directed, a receiver is not a public officer, nor engaged in the handling of "public moneys".

It follows that the judgment and the order from which the appeal is taken should be affirmed. It is so ordered.

Conrey, P. J., and York, J., concurred.