[Crim. No. 1255.   Fourth Dist.   Mar. 5, 1959.]

THE PEOPLE, Respondent, v. WILLIE JAMES HOPPER, Appellant.

Gerald J. Levie for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Assistant Attorney General, for Respondent.

SHEPARD, J.—Defendant was charged with the crime of manslaughter under Penal Code, section 192, subdivision 3(a), in that on or about May 15, 1958, he did unlawfully kill one J. A. Bellatti, a human being, in the driving of a vehicle with gross negligence. He was tried before the court without a jury. The court found him guilty as charged, and granted probation for three years on condition that he spend six

months in the custody of the sheriff as a preliminary condition thereof. Defendant appeals.

By stipulation of the parties the trial was had on the record of the evidence adduced at the preliminary examination. Defendant did not testify in his own behalf.

Defendant in his brief to this court makes only two points: 1. That the evidence was insufficient as a matter of law to sustain the finding of the trial court for the reason that no corpus delicti was proven in that the death of the decedent was not the proximate result of appellant's driving. 2. That the evidence was insufficient as a matter of law to sustain the finding of the trial court in that the People failed to prove the death of decedent was the result of appellant's driving with gross negligence.

When a cause reaches this court on appeal on the sole ground of insufficiency of the evidence to support the findings of the trial court "we may not reweigh the evidence or resolve conflicts therein in favor of the defendant. The credibility of the witnesses and the weight to be given their testimony are committed exclusively to the trier of fact." (*People* v. *Flummerfelt,* 153 Cal.App.2d 104, 106 [2] [313 P.2d 912].)

"The right to draw proper inferences from the evidence is a function of the jury; and as long as its conclusions do not do violence to reason, an appellate court is not permitted to substitute its findings of the ultimate fact for that reached by the constitutional as well as the statutory arbiter thereof.

Circumstantial evidence may be as convincing in its force and as conclusive as the testimony of witnesses to an overt act." (*People* v. *Perkins,* 8 Cal.2d 502, 511 [66 P.2d 631].)

" 'We must assume in favor of the verdict the existence of every fact which the jury could have reasonably deduced from the evidence, and then determine whether such facts are sufficient to support the verdict.' " (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778].) "Proof of the corpus delicti in a murder case 'consists of two elements, the death of the alleged victim [s] and the existence of some criminal agency as the cause, either or both of which may be proved circumstantially or inferentially.' " (*People* v. *Williams,* 151 Cal.App.2d 173, 177 [5] [311 P.2d 117].)

Viewing the duty of this court in the light of these rules we find the evidence is substantially as follows: A California patrol officer proceeding in a northerly direction on Highway 6 near Rosamond in Kern County, met the defendant who was traveling south "in excess of ninety miles per hour"

in a white Buick automobile. This was a "mile or so" from the place the accident occurred. The officer immediately turned his car around and pursued the defendant at about 110 miles per hour, proceeding around a long sweeping curve. The curve and a slight grade obscured defendant's car momentarily. While in the curve the officer saw a dust cloud come up about three-fourths of a mile ahead. The officer arrived about 60 seconds after seeing the dust cloud come up, and determined the point of impact with deceased's car to be coincidental with the dust cloud. About one to five minutes before meeting defendant's car the officer had met deceased's car bound south, following a road grader at about 25 miles per hour. At the point of impact the defendant was found still behind the wheel of his car. Deceased's car was overturned near the point of impact with deceased pinned underneath it. Deceased was taken to the Mojave Medical Center Hospital and died there about two and a half days after the accident.

Defendant's car at the time the officer arrived was at rest west of the highway about 15 feet from the vehicle of the deceased, which was also west of the highway. The defendant's car was white. The deceased's car was orange color. The damaged portion of the front of defendant's car showed orange paint smears. The left rear of deceased's vehicle had been struck and at that point showed white paint transfers. The officer noticed the odor of alcohol on defendant's breath. The parties stipulated that the doctor who had taken blood tests from defendant shortly after the accident would, if called, testify that an analysis of appellant's blood showed 232 milligram per cent alcohol concentration and that a person with such concentration would be under the influence of intoxicants. The officer's official written report was placed in evidence at defendant's own request, and is therefore in evidence in its entirety. It shows a chart of the tire marks made by both vehicles, clearly indicating that defendant's car, while traveling in a straight line, struck the rear of deceased's car. Defendant is therein quoted as saying that he "had been drinking beer last night and this morning. Did not know how much. Could not remember anything about accident." Other passengers were quoted in the report as placing the defendant as the driver of the car. Said report shows that the officer took the statement of the deceased while in the Mojave Medical Center Hospital the day before deceased's death and that deceased then stated "I was southbound about 20 miles per hour following the grader. I did not have any idea anything was

wrong until I was struck from rear." None of the witnesses reported seeing any other cars that might possibly have been involved in any way in the accident. The certificate of death, which was also placed in evidence, recites the cause of the deceased's death as "Extensive fractures and hemorrhages with prolonged shock, from car accident." The certificate of death is prima facie evidence of the facts therein stated (Health & Saf. Code, § 10551; *People* v. *Crozier,* 119 Cal.App. 2d 204, 208 [3] [258 P.2d 1029]; *Bryson* v. *Manhart,* 11 Cal. App.2d 691, 696 [2] [54 P.2d 778].)

While the defendant's failure to testify will not supply a complete hiatus in the necessary elements of the prosecution's proof nevertheless a defendant's failure to take the stand "to deny or explain evidence presented against him, when it is in his power to do so, may be considered by the jury as tending to indicate the truth of such evidence, and as indicating that among the inferences that may reasonably be drawn therefrom, those unfavorable to the defendant are the more probable." (*People* v. *Adamson,* 27 Cal.2d 478, 489 [165 P.2d 3].)

From the foregoing facts this court is of the opinion that the trial court was amply justified in concluding that the defendant was wilfully driving at a dangerously high rate of speed; that he approached the deceased from the rear; that he was intoxicated; that the accident was the result of gross negligence; and that the circumstances are not only consistent with the hypothesis of guilt but are inconsistent with any other rational hypothesis.

The judgment is affirmed.

Griffin, P. J., and Mussell, J., concurred.