[Crim. No. 1403. Fourth Dist. May 13, 1959.]

THE PEOPLE, Respondent, v. MARIAN GRIFFIN, Appellant.

359

Thomas Whelan for Appellant.

Stanley Mosk, Attorney General, Clarence A. Linn, Chief Assistant Attorney General, Arlo E. Smith, Doris H. Maier, and Raymond M. Momboisse, Deputy Attorneys General, James Don Keller, District Attorney (San Diego), and Robert Thomas, Deputy District Attorney, for Respondent.

SHEPARD, J.—Defendant was indicted, tried and convicted on three counts of embezzlement of public money and sentenced to state prison. She appeals from the final judgment of conviction and from the order denying her motion for new trial.

Defendant's first contention is that the evidence was insufficient to justify the verdict. ▮ The rule is well settled that when a cause reaches this court on appeal on the ground of insufficiency of the evidence to support the findings of the trial court " 'we may not reweigh the evidence or resolve conflicts therein in favor of the defendant. The credibility of the witnesses and the weight to be given their testimony are committed exclusively to the trier of fact.' (*People* v. *Flummerfelt*, 153 Cal.App.2d 104, 106 [2] [313 P.2d 912].) ▮▮ 'The right to draw proper inferences from the evidence is a function of the jury; and as long as its conclusions do not do violence to reason, an appellate court is not permitted to substitute its findings of the ultimate fact for that reached by the constitutional as well as the statutory arbiter thereof. Circumstantial evidence may be as convincing in its force and as conclusive as the testimony of witnesses to an overt act.' (*People* v. *Perkins*, 8 Cal.2d 502, 511 [66 P.2d 631].) ▮ ' "We must assume in favor of the verdict the existence of every fact which the jury could have reasonably deduced from the evidence, and then determine whether such facts are sufficient to support the verdict." ' (*People* v. *Newland*, 15 Cal.2d 678, 681 [104 P.2d 778].) " (*People* v. *Hopper*, 168 Cal.App.2d 406, 408 [336 P.2d 28].)

▮ Reviewing the evidence in the light of these rules, the very voluminous transcript reveals that during the time the charged embezzlements are alleged to have occurred the defendant was a deputy clerk of the municipal court, El Cajon Judicial District of San Diego County; that among her duties was that of keeping books for said court and of receiving and handling the money records and the moneys themselves for said court; that she signed the official receipt for the money

referred to in Counts 1 and 3 of the indictment and wrote but failed to sign the official receipt for the money referred to in Count 2 of the indictment; that all official receipt books of her court were under her control, she designated the receipt book to be used each day, she kept account of the sequence of receipt numbers and recorded the receipt numbers on the "Analysis of Cash Receipts" and "Cash Collection Report"; that several of these official receipt books under her control were on audit found to be missing; that individual deposit receipts missing out of these missing receipt books total 272; that 147 case files were missing and all of the missing case files were within the numbers encompassed by the missing receipt books; that in each case of the 147 missing case files the docket entries reflected no money received; that the "Analysis of Cash Receipts" and the "Cash Collection Report" kept by her likewise failed to reflect the receipt of any money in any of the 147 missing case files; that no case files had been lost prior to her employment and none were lost after her retirement; that, contrary to orders, she often arrived at the court early and opened the mail without the presence of the other deputy clerk; that through a surprise audit of her accounts a cash shortage was discovered and in her attempt to explain the shortage she made material conflicting and untrue statements; and that in addition to the cases charged in the three counts of the indictment the prosecution were able to prove several other cases of the receipt by her of bail deposits that were never recorded nor accounted for, all of which were among the 147 missing case files. Different phases of the foregoing were supported in great detail by other officials of the court, by auditors and by lay persons who had paid moneys to her on traffic cases. In our opinion, the evidence was amply sufficient to justify the verdict.

■ Defendant's second contention is that the moneys referred to in each of the three counts are not public moneys within the meaning of Penal Code, section 424. Defendant argues that because there had been no formal decree of forfeiture the money had not become "public moneys." She argues further that in each case the money was deposited as bail by a person other than the one charged with a traffic violation; that since Vehicle Code, section 739, did not, at the time bail was received, authorize the deposit of bail by a third party the deposited money must necessarily have been received under the provisions of Penal Code, sections 1295 to 1297, inclusive; that under Penal Code, section 1297

money so deposited as bail remains the property of the third party depositing same; that under the ruling of the Supreme Court in *Rodman* v. *Superior Court*, 13 Cal.2d 262 [89 P.2d 109], such money cannot be applied in satisfaction of a fine against the defendant if the defendant properly appeared before the court; and that, therefore, such money as defendant is accused of embezzling is not public money and should be treated as money in the hands of a receiver of private funds. Defendant further argues that a receiver of private funds is not a public officer, and in case of embezzlement of such funds the receiver must be prosecuted under Penal Code, section 504 and not under Penal Code, section 424. (*People* v. *Showalter*, 126 Cal.App. 665 [14 P.2d 1034].) Defendant further points out that charges are not interchangeable under said sections 424 and 505. (*People* v. *Westlake*, 124 Cal. 452 [57 P. 465].)

The effect of the decision in *Rodman* v. *Superior Court*, *supra*, is only that bail deposited by a third person is to guarantee the proper appearance of the defendant in answer to the charge on which bail is posted, and that if the defendant does, in fact, properly appear in answer to such pending charge the bail cannot be applied in payment of the fine. The case of *People* v. *Showalter*, *supra*, holds only that a receiver appointed by the court is not a public officer within the meaning of Penal Code, section 424 ''Since it is apparent that a receiver appointed in an ordinary civil action has nothing to do with the 'revenue and property of the state', but that his duties and activities are necessarily confined to an administration of the business affairs of private individuals, . . . a receiver is not a public officer, nor engaged in the handling of 'public moneys.' ''

We think defendant's contention is without merit. Penal Code, section 424, as to the portion with which we are here concerned reads as follows:

''Each officer of this state, or of any county, city, town, or district of this state, and every other person charged with the receipt, safekeeping, transfer, or disbursement of public moneys, who either:—

''1. Without authority of law, appropriates the same, or any portion thereof, to his own use, or to the use of another; or,

''2. Loans the same or any portion thereof; makes any profit out of, or uses the same for any purpose not authorized by law; or,

"7. Willfully omits or refuses to pay over to any officer or person authorized by law to receive the same any money received by him under any duty imposed by law so to pay over the same;"

Penal Code, section 426, reads as follows:

" 'PUBLIC MONEYS,' AS USED IN THE PRECEDING SECTION, DEFINED. The phrase 'public moneys', as used in the two preceding sections, includes all bonds and evidence of indebtedness, and all moneys belonging to the State, or any city, county, town, or district therein, and all moneys, bonds, and evidences of indebtedness received or held by State, county, district, city, or town officers in their official capacity."

In *Bennett* v. *Superior Court*, 131 Cal.App.2d 841 [281 P.2d 285], it was held that the clerk of a judicial district court is a public officer within the meaning of Penal Code, section 424, and that deposits received by such clerk are public moneys received by her in her official capacity as such public officer, and we agree with the reasoning and decision in that case. In our opinion, the defendant in this case was, as a clerk of the municipal court, a public officer within the meaning of Penal Code, section 424, and the money, subject of the charges in this case, was received by her in her official capacity. ▮ The official character in which moneys are received or held is the proper criterion of whether or not they are "public moneys" under said section 424. Ultimate ownership is not a proper criterion. (*People* v. *Crosby,* 141 Cal. App.2d 172, 175 [1] [296 P.2d 438].)

We are convinced from a review of the very voluminous record that the trial was fair, that the rights of the defendant were properly protected by an astute and alert attorney as well as by the court itself, and that the evidence was ample to sustain the verdict of the jury.

The judgment and the order denying a new trial are affirmed.

Griffin, P. J., and Mussell, J., concurred.