OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 89-1291 |
| of | : | |
| | : | APRIL 3, 1990 |
| JOHN K. VAN DE KAMP | : | |
| Attorney General | : | |
| | : | |
| RODNEY O. LILYQUIST | : | |
| Deputy Attorney General | : | |
| | : | |

RICHARD ARMSTRONG, as relator, has requested this office to grant leave to sue WILLIAM HARTFORD pursuant to the provisions of Code of Civil Procedure sections 803-810. The proposed complaint alleges that Mr. Hartford is disqualified under the terms of Penal Code section 424 from holding the "office" of personnel director for the Personnel Commission ("Commission") of the Lynwood Unified School District ("District"). In his response, Mr. Hartford alleges that he is not the holder of an office but rather is an "employee" of the Commission.

MATERIAL FACTS

On August 16, 1985, Mr. Hartford pleaded guilty to a violation of Penal Code section 424, subdivision 1, and was thereafter fined, ordered to make restitution, placed in a work furlough program, and granted five years probation.

On June 2, 1988, Mr. Hartford was appointed personnel director by the Commission for the District pursuant to the provisions of Education Code section 45264.

LEGAL ISSUE

The issue presented is whether the position of a personnel director for a school district that has adopted a merit civil service system for its classified employees constitutes "any office in this state" for purposes of Penal Code section 424. If it is, Mr. Hartford is disqualified from holding his current position with the Commission.

ANALYSIS

Code of Civil Procedure section 803 authorizes the Attorney General to bring an action "in the name of the people . . . upon a complaint of a private party, against any person who usurps, intrudes into, or unlawfully holds or exercises any public office . . . ." The action authorized is "in the nature of quo warranto." (*International Assn. of Fire Fighters* v. *City of Oakland* (1985) 174 Cal.App.3d 687, 693.)

Significantly, the action is maintained "in the interest of the public to redress wrongs that injure the public." (67 Ops.Cal.Atty.Gen. 151, 153 (1984); see *City of Campbell* v. *Mosk* (1961) 197 Cal.App.2d 640, 648-650.) Consequently, we have refused to grant leave to bring the action "unless some 'public purpose would be served.'" (*Ibid.*) The requirement of a "public purpose" is satisfied where the Attorney General finds that a "substantial issue of fact or law exists which should be judicially determined." (35 Ops.Cal.Atty.Gen. 123, 124 (1960); see 25 Ops.Cal.Atty.Gen. 237, 240 (1955).) The mere existence of a debatable legal issue, however, does not compel the bringing of the action; the guiding principle is one of serving the public interest when determining whether or not to grant leave to sue. (*International Assn. of Fire Fighters* v. *City of Oakland, supra*, 174 Cal.App.3d 687, 697; *Oakland Municipal Improvement League* v. *City of Oakland* (1972) 23 Cal.App.3d 165, 172; *City of Campbell* v. *Mosk, supra*, 197 Cal.App.2d 640, 648-650.)

Penal Code section 424 provides in part:

"Each officer of this state, or of any county, city, town, or district of this state, and every other person charged with the receipt, safekeeping, transfer, or disbursement of public moneys, who either:

"1. Without authority of law, appropriates the same, or any portion thereof, to his own use, or to the use of another; or,

" . . . . . . . . . . . . . . . . . . . . . .

"Is punishable by imprisonment in the state prison for two, three or four years, and is disqualified from holding <u>any office in this state</u>." (Emphasis added.)

The phrase "any office in this state" requires our examination. Does it include the position of personnel director for the personnel commission of a local school district?

We note preliminarily that a school district is authorized to adopt a civil service system (known as the "merit system") for those of its employees who are not required to have certification qualifications (known as "classified employees"). The merit system statutory scheme requires the establishment of a personnel commission, the basic function of which is to ensure that the school district governing board makes its "selection and retention of [classified] employees upon a basis of merit and fitness." (Ed. Code, § 45260.)[1] A personnel commission prescribes regulations to be followed by the school board regarding classified employment applications, examinations, eligibility, appointments, promotions, demotions, transfers, dismissals, resignations, vacations, job specifications, and performance evaluations, among other matters. Importantly, the governing board's power to suspend, demote or dismiss one of these employees is subject to the employee's right of appeal to the personnel commission. (§§ 45240-45320; *California Sch. Employees Assn.* v. *Personnel Commission* (1970) 3 Cal.3d 139, 143; 71 Ops.Cal.Atty.Gen. 39, 41 (1988); 56 Ops.Cal.Atty.Gen. 421, 423-424 (1973); 54 Ops.Cal.Atty.Gen. 77, 80-84 (1971).)

The personnel commission selects a personnel director to administer its merit system procedures. Section 45240 provides:

---

[1] All references hereafter to the Education Code are by section number only.

"Any school district adopting the [merit system] shall cause the personnel commission to be appointed in the manner prescribed in Sections 45245, 45246 and 45247. The personnel commission shall appoint the personnel director in the manner provided in Section 45264 after appointment of at least two of its members."

Section 45264 states in turn:

"The commission shall appoint a personnel director within 90 days after the adoption of a merit system from an eligibility list established from a competitive examination given under the auspices of the commission. The commission shall appoint all employees paid from funds budgeted for the support of the commission and shall supervise the activities of those employees that are performed as part of the functions of the commission. Such employees shall be appointed from eligibility lists established pursuant to the provisions of this article, be classified employees of the school district and be accorded all the rights, benefits, and burdens of any other classified employee serving in the regular service of the district, including representation by the appropriate exclusive representative, if any."

The personnel commissions of smaller school districts may contract for the services of a personnel director employed by another governmental agency. Section 45265 provides in part:

"Notwithstanding the provisions of Section 45264, the personnel commission, in a school district or a county superintendent of schools office employing 100 or fewer classified employees, may, with the consent of a majority of the classified employees, contract for the services of a qualified personnel director with another school district having the merit (civil service) system, or a city or a county governmental agency if the city or county has a civil service system for the management of its employee personnel."

The general duties of a personnel director are specified in section 45266. It states:

"(a) The personnel director shall be responsible to the commission for carrying out all procedures in the administration of the classified personnel in conformity with this article and the rules of the commission, and shall be free of prejudgment or bias in order to ensure the impartiality of the commission. He or she shall also act as secretary of the commission and shall prepare, or cause to be prepared, an annual report which shall be sent by the commission to the governing board.

"(b) A personnel director shall not advise or make recommendations to the commission regarding any disciplinary action appealed to the commission under Section 45305, if the personnel director is the party who brought the action against the employee."

Section 45304 specifically requires a personnel director to "file written charges with the commission and give to the employee . . . a copy of the charges" when the governing board suspends, demotes, or dismisses a classified employee. (See *California Sch. Employees Assn.* v. *Personnel Commission*, *supra*, 3 Cal.3d 139, 143.) Section 45310 expressly prohibits the payment of any salary to a classified employee "unless the assignment bears the certification of

the personnel director that the person named in the assignment has been employed and assigned pursuant to [sections 45240-45320] and the rules of the commission."

No reported case has considered whether the position of a personnel director appointed under section 45264 is an "office in this state" for purposes of Penal Code section 424. Indeed, while many cases have analyzed different provisions of this criminal statute (see, e.g., *Webb* v. *Superior Court* (1988) 202 Cal.App.3d 872, 886; *People* v. *Varon* (1987) 189 Cal.App.3d 1163, 1167; *People* v. *Wall* 114 Cal.App.3d 1163, 1166; *People* v. *Evans* (1980) 112 Cal.App.3d 607, 615), and the disqualification language has been part of the statute since its enactment in 1872, judicial reference to the office disqualification provision has been limited to noting that "section 424 specifically provides that those found guilty of violating it shall be disqualified from holding public office" (*People* v. *Battin* (1978) 77 Cal.App.3d 635, 661).

Penal Code section 424 contains, however, another reference to public office. The first words of the statute are: "Each officer of this state, or of any county, city, town or district of this state . . . ." We may look to cases interpreting this first phrase of the statute when analyzing the statute's final phrase, since "it is generally presumed that a phrase bears the same meaning throughout a statute." (*People* v. *Wolcott* (1983) 34 Cal.3d 92, 105, fn. 5).[2]

In *People* v. *Griffin* (1959) 170 Cal.App.2d 358, 363, the court stated:

"In *Bennett v. Superior Court*, 131 Cal.App.2d 841, it was held that the clerk of a judicial district court is a public officer within the meaning of Penal Code, section 424, and that deposits received by such clerk are public moneys received by her in her official capacity as such public officer, and we agree with the reasoning and decision in that case. In our opinion, the defendant in this case was, as a clerk of the municipal court, a public officer within the meaning of Penal Code, section 424, and the money, subject of the charges in this case, was received by her in her official capacity."

Besides *Griffin* and *Bennett*, *People* v. *Holtzendorff* (1960) 177 Cal.App.2d 788, 795-797, *People* v. *Schoeller* (1950) 96 Cal.App.2d 61, 63, and *People* v. *Showalter* (1932) 126 Cal.App. 665, 666-669, discuss the distinctions between an officer and an employee for purposes of the phrase "officer of this state . . ." contained in section 424. Each of these cases refer to the traditionally recognized attributes of public office as established by California case law.

It has been held that a public office normally is (1) created by the Constitution or by statute, (2) with a fixed term provided by statute, (3) as well as all duties and its compensation specified by statute, and (4) a required oath of office and official bond given by (5) a person designated as an "officer," (6) who is elected or appointed (7) to perform "important" duties, by exercising judgment and discretion, including the setting of policy, (8) that constitutes some sovereign function of government undertaken on behalf of the public. (See generally *People* ex rel. *Chapman* v. *Rapsey* (1940) 16 Cal.2d 636, 639-640; *Patton* v. *Board of Health, etc.* (1899) 127 Cal. 388, 393-398; *Main* v. *Claremont Unified School Dist.* (1958) 161 Cal.App.2d 189, 199;

---

[2]  Of course, this rule of construction is quite flexible, and "when the occasion demands it, the same word may have different meanings to effectuate the intention of the act in which the word appears." (*Anderson* v. *City of Los Angeles* (1973) 30 Cal.App.3d 219, 224; accord, *People* v. *Hernandez* (1981) 30 Cal.3d 462, 468; *Lampley* v. *Alvares* (1975) 50 Cal.App.3d 124, 128; *Lambert* v. *Conrad* (1960) 185 Cal.App.2d 85, 95.)

*Leymel* v. *Johnson* (1930) 105 Cal.App. 694, 697-701; 71 Ops.Cal.Atty.Gen. 39, 40 (1988); 67 Ops.Cal.Atty.Gen. 409, 410-411 (1984).)

While not all of these characteristics of a public office are critical to its existence, there are "two essential elements: (1) an office which is not transient, occasional or incidental but is itself an entity in which incumbents succeed one another; and (2) the delegation to the office of some portion of the sovereign functions of government, either legislative, executive or judicial. [Citations.]" (*Moore* v. *Panish* (1982) 32 Cal.3d 535, 545; see also *People* v. *Olsen* (1986) 186 Cal.App.3d 257, 265-266; *City Council* v. *McKinley* (1978) 80 Cal.App.3d 204, 210 (1978); *Kirk* v. *Flournoy* (1974) 36 Cal.App.3d 553, 557.)

On the other hand, an "employee" who does not hold a public office normally looks to a contract for the terms of the employment -- the duties, compensation, and his or her degree of authority. An employee may have important and significant duties in advising and recommending but generally does not act independently, exercise discretion, or make policy. An employee may typically have a ministerial function, acting under the control and supervision of another. (See *Patton* v. *Board of Health, etc., supra*, 127 Cal. 388, 395; *Neigel* v. *Superior Court* (1977) 72 Cal.App.3d 373, 378; *Humbert* v. *Castro Valley County Fire Protection Dist.* (1963) 214 Cal.App.2d 1, 12; *Schaefer* v. *Superior Court* (1952) 113 Cal.App.2d 428, 433-435; *People* v. *Showalter, supra*, 126 Cal.App.665, 668; *Leymel* v. *Johnson, supra*, 105 Cal.App. 694, 701; *Stewart* v. *Eaves* (1927) 84 Cal.App. 312, 320-321; 65 Ops.Cal.Atty.Gen. 316, 319-320; 56 Ops.Cal.Atty.Gen. 556, 561 (1973); 40 Ops.Cal.Atty.Gen. 238, 240 (1962); 26 Ops.Cal.Atty.Gen. 29, 31 (1955).)

In support of a finding that a personnel director appointed under section 45264 holds an "office in this state" are the following factors: the position is created by statute, it is not dependent upon the existence of a contract, it exists independently of the person providing the services, and the duties are prescribed by statute.

In support of a finding that a personnel director does not hold an "office in this state" are the following considerations: no fixed term is provided by statute, no oath of office is required, no official bond is mandated, and the amount of compensation is not fixed by statute.

Use of the term "appoint" in section 45264 would ordinarily support an "office" determination. (See *People* v. *Olsen, supra*, 186 Cal.App.3d 257, 266, fn. 5; *Main* v. *Claremont Unified School Dist., supra*, 161 Cal.App.2d 189, 195, 199.) Here, however, the statute directing a personnel commission to appoint a personnel director also directs the commission to "appoint all employees paid from funds budgeted for the support of the commission. . . ." (§ 45264.) The Legislature has thus used the term "appoint" in conjunction with the term "employees," and its use may thus merely mean "select." (See *Humbert* v. *Castro Valley County Fire Protection Dist., supra*, 214 Cal.App.2d 1, 12; *Main* v. *Claremont Unified School Dist., supra*, 161 Cal.App 2d 189, 195.)

We note that section 45264 previously directed a personnel commission to "appoint all <u>other</u> employees paid from funds budgeted for the support of the commission . . . ." (Stats. 1976, ch. 1010, § 2, emphasis added.) Use of the word "other" indicates that (at least at one time) the Legislature intended for a personnel director to be an employee rather than an officer. (See *Scally* v. *Pacific Gas & Electric Co.* (1972) 23 Cal.App.3d 806, 819; 63 Ops.Cal.Atty.Gen. 512, 514 (1980).)

While we must ascertain the intent of the Legislature when determining whether a statutory position is an office or employment (see *Patton* v. *Board of Health, etc., supra*, 127

Cal. 388, 398; *City Council* v. *McKinley, supra,* 80 Cal.App.3d 204, 211), use of the term "officer" or "employee" in the statute to describe the person is not always significant. The Legislature may use either of these words "as a matter of convenience rather than a matter of definition." (*Moore* v. *Panish, supra,* 32 Cal.3d 535, 546.) In *Kirk* v. *Flournoy, supra,* 36 Cal.App.3d 553, 560, the court quoted from *Kennedy* v. *City of Gustine* (1926) 199 Cal. 251, 255-256, as follows:

> "Whether a position, or office, is a public office depends 'not upon what the particular office in question may be called, nor upon what a statute may call it, but upon the power granted and wielded, the duties and functions performed and other circumstances which manifest the true character of the position and make and mark it a public office, irrespective of its formal designation.' [Citations.]"

Looking, then, at the duties and functions performed by a personnel director, we find that he or she holds an administrative type of position. The basic requirement of the position is to "be responsible to the commission for carrying out all procedures in the administration of the classified personnel in conformity with [sections 45240-45320] and the rules of the commission."

Under varying circumstances and for differing purposes, government administrators have been found to hold public offices. (68 Ops.Cal.Atty.Gen. 337 (1985) [general manager of a hospital district]; 68 Ops.Cal.Atty.Gen. 34 (1985) [executive director of the California Transportation Commission]; 67 Ops.Cal.Atty.Gen. 409 (1984) [general manager of a county water district]; 51 Ops.Cal.Atty.Gen. 183 (1968) [city manager]; 24 Ops.Cal.Atty.Gen. 188 (1954) [general manager of a public utilities district]; 22 Ops.Cal.Atty.Gen. 83 (1953) [city administrator].)

An administrative position has just as often been held not to constitute a public office. (*Main* v. *Claremont Unified School Dist., supra,* 161 Cal.App.2d 189 [superintendent of a unified school district]; *Shaefer* v. *Superior Court, supra,* 113 Cal.App.2d 428 [administrator of a district office of the Department of Employment]; 65 Ops.Cal.Atty.Gen. 316 (1982) [administrator of an area office of the Department of Consumer Affairs]; 40 Ops.Cal.Atty.Gen. 238 (1962) [manager of a district agricultural association]; 26 Ops.Cal.Atty.Gen. 29 (1955) [county administrator]; 19 Ops.Cal.Atty.Gen. 119 (1952) [manager of a joint powers agency]; Index Letter 65-62 (Feb. 18, 1965) [manager of a district office of the Department of Motor Vehicles]; Index Letter 78-102 (July 18, 1978) [administrator of a county housing authority].)

While all of these cases and opinions may be distinguished when considering the position of a school personnel director, the case of *California Sch. Employees Assn.* v. *Personnel Commission, supra,* 3 Cal. 3d 139, requires special deference. In characterizing the different roles of a school district board, a personnel commission, and a personnel director, the Supreme Court stated: "The personnel director is an officer of the personnel commission under sections 13717-13718." (*Id.,* at p. 143, fn. 1.) Sections 45264 and 45266 currently describe the same duties of a personnel director that were described in former Education Code sections 13717-13718.[3] It is thus evident that the Supreme Court has examined the statutory duties of a personnel director and determined that such duties reflect those of an officer. The question before the court, however, was whether a personnel commission had the authority to act upon charges filed against an employee without prior board action. The court concluded that a commission could only act

---

[3] Former Education Code section 13717.1 is now section 45265.

to review the governing board's suspension, demotion, or dismissal of a classified employee. No issue was raised as to whether a personnel director held an office, and the court's characterization of the position had no effect upon its ultimate decision in the case.

A case that must receive even greater deference than the Supreme Court's 1970 decision is *Personnel Comm.* v. *Board of Education* (1990) 217 Cal.App.3d 447. It is not only more recent but involves the actual position of personnel director at issue in this "quo warranto" application. The Court of Appeal concluded "that the personnel director is a classified employee as a matter of law." (*Id.*, at p. 451.) Like the Supreme Court's decision, however, the Court of Appeal was not examining the position for purposes of Penal Code section 424. It was concerned only with whether the governing board had the authority to reduce the hours for the position from 40 to 20 hours per week. No one argued that the personnel director was an "officer," only that the governing board lacked "the power to control the hours of one particular classified employee; namely, the personnel director." (*Ibid.*)

Neither the 1970 Supreme Court decision nor the 1990 Court of Appeal decision is controlling here. The provisions of Penal Code section 424 were not addressed in the two cases. "[A]n opinion must be understood in the light of the facts and issues then before the court . . . ." (*Snelgrove* v. *Department of Motor Vehicles* (1987) 194 Cal.App.3d 1364, 1376; see *Valentine* v. *City of Oakland* (1983) 148 Cal.App.3d 139, 149.) "'[C]ases, of course, are not authority for propositions not there considered.'" *(People* v. *Belleci* (1979) 24 Cal.3d 879, 888; see *People* v. *Caballas* (1974) 12 Cal.3d 470, 481; *Carrales* v. *City of Alviso* (1970) 3 Cal.3d 118, 127-128, fn. 2; *Reed* v. *Dick* (1988) 200 Cal.App.3d 469, 480; *Community Cause* v. *Boatwright* (1987) 195 Cal.App.3d 562, 576.)

That one court may characterize a position as an office and another court characterize the same position as an employment was explained in *Neigel* v. *Superior Court*, *supra*, 72 Cal.App.3d 373, 378:

"The city relies on cases holding that a policeman falls within the category of a public officer because he is entrusted with the duty and power to exercise a part of the sovereign governmental powers of the entity for which he is acting. [Citations.] However, the fact that policemen have been held to be public officers for certain purposes does not lead inevitably to the conclusion that they are 'officers' for all purposes. [Citation.] The meaning of the words 'officer' or 'official' varies with the conditions and circumstances in which they are used. [Citations.]"

Finally, it should be noted that the language in question is contained in a criminal statute. When the court was construing Penal Code section 424 in *People* v. *Showalter*, *supra*, 126 Cal.App. 665, 669, it stated:

"As affects criminal statutes, the policy of the law is to make plain that which is intended to constitute an infraction of its provisions. Where the language employed is ambiguous or doubtful in its intent, a construction of the statute should always be favorable, rather than unfavorable, to any person accused of a violation of the law. In other words, although the common-law rule that penal statutes be strictly construct has no application to the provisions contained in the Penal Code, nevertheless a criminal statute should be construed according to the fair import of its terms. [Citation.]"

It is a "rule of statutory interpretation that ambiguous penal statutes are construed in favor of defendants [where] two reasonable interpretations of the same provision stand in relative equipoise . . . ." (*People* v. *Jones* (1988) 46 Cal.3d 585, 599.) *Shaefer* v. *Superior Court, supra,* 113 Cal.App.2d 428, 433-437, appears to have applied this rule in distinguishing "officers" and "employees" for purposes of a penal statute, although the same cannot be so easily said of *Bennett* v. *Superior Court, supra,* 131 Cal.App.2d 841, 843-845.

Based upon all the relevant cases and prior opinions of this office, we conclude that Mr. Armstrong has raised a substantial question concerning the application of Penal Code section 424 to Mr. Hartford's position as personnel director for the Commission. We have previously granted leave to sue where a violation of a criminal law has been alleged (21 Ops.Cal.Atty.Gen. 113 (1953)) and where it has been alleged that an incumbent was disqualified from holding public office (27 Ops.Cal.Atty.Gen. 33 (1956)).

Whether a personnel director holds an "office in this state" for purposes of Penal Code section 424 is the type of issue that has been resolved by the courts on numerous occasions due to its importance and apparent complexities. We, of course, do not decide here how a court will ultimately resolve this question with respect to Mr. Hartford. "In deciding whether or not to grant leave to sue, this office does not reach a determination concerning which party should or is likely to prevail before a court." (72 Ops.Cal.Atty.Gen. 15, 19 (1984).) As we observed in 12 Ops.Cal.Atty.Gen. 340, 341 (1949):

"In acting upon an application for leave to sue in the name of the people of the State, it is not the province of the Attorney General to pass upon the issues in controversy, but rather to determine whether there exists a state of facts or question of law that should be determined by a court in an action quo warranto; that the action of the Attorney General is a preliminary investigation, and the granting of the leave is not an indication that the position taken by the relator is correct, but rather that the question should be judicially determined and that quo warranto is the only proper remedy."

The application for leave to sue is granted to test whether Mr. Hartford holds an "office in this state" for purposes of Penal Code section 424.

\* \* \* \* \*