Filed 2/28/23  P. v. Mercado CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOSUE GUADALUPE MERCADO,<br><br>    Defendant and Appellant. | D080238<br><br><br>(Super. Ct. No. JCF004227) |


APPEAL from a judgment of the Superior Court of Imperial County, Poli Flores, Jr., Judge.  Affirmed.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Eric A. Swenson and Heather M. Clark, Deputy Attorneys General, for Plaintiff and Respondent.


Josue Guadalupe Mercado, the former Auditor-Controller of Imperial County, appeals the judgment convicting him of misappropriating public

moneys for stopping the garnishment of his salary to pay spousal support. He contends the moneys were never "public" because he prevented them from going into a trust account in which moneys deducted from County employee paychecks are temporarily held until paid to third parties. We disagree and affirm.

## I.

## BACKGROUND

### A. *The Misappropriation*

Mercado was elected Auditor-Controller of Imperial County in 2018 and took office in January 2019.[1] The Auditor-Controller is the chief accounting officer of the County and manages its fiscal affairs, including payroll, payment of other bills, adjustment of taxes, preparation of budgets, and conduct of audits. (See Gov. Code, §§ 26881-26883.) The Auditor-Controller is paid a salary established by the County Board of Supervisors. (Gov. Code, § 26886; Imperial County Mun. Code, § 2.28.030.)

In March 2019, Annette Hughes, the payroll coordinator for the County, received a court order directing garnishment of a portion of Mercado's salary for payment of spousal support. When Hughes notified Mercado of the order, he told her he wanted to delay its implementation and the Auditor-Controller's office had the authority to do so. Hughes responded she could not delay garnishment "[b]ecause it's against the law" and "we have a court order." Hughes began deducting spousal support from Mercado's biweekly paychecks on April 2, 2019.

---

[1] The County Board of Supervisors created the Auditor-Controller as an elective office pursuant to Government Code section 26880 and gave the Auditor-Controller the duties specified in chapters 3.5 and 4 of Division 2 of Title 3 of the Government Code. (Imperial County Mun. Code, §§ 2.28.010-2.28.070.)

Garnishments, taxes, and other deductions taken out of County employees' paychecks are placed into a trust account on which checks are drawn to pay the third parties who are owed the deducted funds. Although employees earn the moneys from which such deductions are taken, the deducted funds belong to the third parties.

Between March 2019 and October 2020, Mercado repeatedly told Shelly Smail, a manager whom Mercado later promoted to Assistant Auditor-Controller, that he wanted the garnishment for spousal support stopped. On October 29, 2020, Mercado returned from court upset and again told Smail he wanted the garnishment stopped. Smail responded they could not stop it legally and "could get in trouble" if they did. Mercado said "the most he could get was an abuse of power." Later that day, Mercado accessed the County's electronic payroll system and stopped the deductions from his paychecks for spousal support. The court order for the deductions was still in effect, and no other court order authorized their cessation. According to Smail, no spousal support was deducted from Mercado's paycheck for the following pay period.

B.      *The Criminal Action*

The People charged Mercado with misappropriation of public moneys by willfully refusing to pay over such moneys upon presentation of an order for payment by competent authority (count 1; Pen. Code, § 424, subd. (a)(5)), misappropriation of public moneys by willfully failing to transfer such moneys when required by law (count 2; Pen. Code, § 424, subd. (a)(6)), and willful disobedience of a lawful court order (count 3; Pen. Code, § 166, subd. (a)(4)). In a first trial, a jury found Mercado guilty of count 3 and deadlocked on the other two counts. In a second trial, a jury found Mercado guilty of counts 1 and 2. The trial court sentenced Mercado to prison for the lower term of two years on count 1 (Pen. Code, § 424, subd. (a)), the same term on

3

count 2 (*ibid.*), and a six-month term on count 3 (*id.*, §§ 19, 166, subd. (a)(4)). The court stayed execution of the terms imposed on counts 2 and 3 pursuant to Penal Code section 654.

## II.

## DISCUSSION

Mercado challenges the sufficiency of the evidence to support his convictions on counts 1 and 2 for misappropriating public moneys. Mercado argues that because Smail's testimony established that after he accessed the payroll system the portion of his paycheck that was supposed to be garnished for spousal support never reached the County trust account on which a check would have been drawn to pay the support to his wife's law firm, the People did not prove an essential element of the charged crimes, namely, that the funds he allegedly misappropriated were "public moneys." The People respond it is irrelevant the portion of Mercado's paycheck that was supposed to be garnished never made it into the trust account, because the moneys from which his salary was paid were county funds, and the evidence established it was the portion of his salary subject to the garnishment order that he misappropriated. As we shall explain, the People have the better argument.

To resolve this appeal, we must determine whether the record, viewed in the light most favorable to the judgment, contains substantial evidence (i.e., evidence that is reasonable, credible, and of solid value) from which a rational jury could find the essential elements of the charged crimes beyond a reasonable doubt. (*Jackson v. Virginia* (1979) 443 U.S. 307, 319; *People v. Powell* (2018) 5 Cal.5th 921, 944.) As pertinent to this appeal, Penal Code section 424 prescribes a prison term and disqualification from office for a county officer "charged with the receipt, safekeeping, transfer, or

4

disbursement of public moneys" who either "[w]illfully refuses or omits to pay over, on demand, any public moneys in his or her hands, upon the presentation of a draft, order, or warrant drawn upon these moneys by competent authority" or "[w]illfully omits to transfer the same, when transfer is required by law." Penal Code section 426 defines "public moneys" as including "all bonds and evidence of indebtedness, and all moneys belonging to the . . . county . . . and all moneys, bonds, and evidences of indebtedness received or held by . . . county . . . officers in their official capacity." Mercado concedes that "as the Auditor-Controller of Imperial County, [he] was a public officer 'charged with the receipt, safekeeping, transfer, or disbursement of public moneys' pursuant to section 424." (See *People v. Hubbard* (2016) 63 Cal.4th 378, 391 (*Hubbard*) ["for a public officer to be convicted under this statute, he or she must be 'charged with the receipt, safekeeping, transfer, or disbursement of public moneys' "].) The only point in dispute is whether, by stopping the garnishment of his salary to pay spousal support, Mercado willfully refused to pay over or transfer "public moneys" he was legally obligated to pay over or transfer.

The relevant moneys in this case are the portions of Mercado's salary the court had ordered be garnished to pay spousal support, for those are the moneys the People accused him of misappropriating. "The official character in which moneys are received or held is the proper criterion of whether or not they are 'public moneys' under [Penal Code] section 424." (*People v. Griffin* (1959) 170 Cal.App.2d 358, 363 (*Griffin*); accord, *People v. Johnson* (2012) 209 Cal.App.4th 800, 809 (*Johnson*).) The funds used to pay Mercado his salary as Auditor-Controller through the County payroll system were moneys officially "belonging to" the County and "held by" its officers. (Pen. Code, § 426; see Gov. Code, § 26881 [auditor-controller manages funds kept in

county treasury]; *Center for Public Interest Law v. Fair Political Practices Com.* (1989) 210 Cal.App.3d 1476, 1483 [payments by controller in official capacity are public moneys].) Courts have repeatedly recognized public officials' salaries are "public moneys" within the meaning of section 424. (*People v. Groat* (1993) 19 Cal.App.4th 1228, 1235 (*Groat*); *People v. Battin* (1978) 77 Cal.App.3d 635, 650; *People v. Sperl* (1976) 54 Cal.App.3d 640, 658.) Mercado admitted at trial he accessed the County's electronic payroll system on October 29, 2020, to stop the court-ordered spousal support deductions from his salary, and Smail testified the deduction was not taken out of his next paycheck. From this evidence, a reasonable jury could find Mercado willfully refused to pay over public moneys when presented with a lawful order requiring him to do so and willfully omitted to transfer public moneys when required by law to do so. (Pen. Code, § 424, subd. (a)(5), (6).)

We are not persuaded to reach a different result by Mercado's claim he "stopp[ed] the garnishment *prior* to the money's becoming public moneys" by accessing the County's electronic payroll system to prevent the spousal support deductions from his paychecks from going into the trust account. Placement of the funds deducted from Mercado's paycheck into the trust account from which the County pays deductions to third parties to whom they are owed was not necessary to make such deductions public moneys. Rather, as we have explained, the funds from which Mercado was paid his salary as Auditor-Controller were public moneys, and it was the portion of those moneys the court had ordered garnished for spousal support that he misappropriated when he accessed the County payroll system to stop the garnishment. (Cf. *Groat, supra*, 19 Cal.App.4th at p. 1235 [payment of salary to public worker is disbursement of public moneys, and fraudulent authorization of such payment violates Pen. Code, § 424].)

6

We also find unpersuasive Mercado's related claims his paychecks were not public moneys because (1) he was owed compensation for his service to the County, and the paychecks became his money when they were deposited into his bank account, and (2) the garnishment order evidenced a debt he owed his wife's law firm, not a debt owed by the County. These claims focus on who ultimately owns the funds paid to Mercado as his salary as a public official. " 'Ultimate ownership,' " however, " 'is not a proper criterion' " for deciding whether funds are public moneys under Penal Code section 424. (*Johnson, supra*, 209 Cal.App.4th at p. 809, quoting *Griffin, supra*, 170 Cal.App.2d at p. 363.) Although Mercado presumably earned his paychecks and although the funds he refused to pay his wife's law firm by stopping the court-ordered deductions from his paychecks might have ended up in his personal bank account, the funds he diverted from garnishment were moneys of the County designated to meet its payroll. Applying section 424 to Mercado's conduct thus serves the statutory purpose of "protecting the public fisc and holding accountable those in a position to place public funds at risk." (*Hubbard, supra*, 63 Cal.4th at p. 387.)

## III.

## DISPOSITION

The judgment is affirmed.

IRION, J.

WE CONCUR:

McCONNELL, P. J.

BUCHANAN, J.